No. 32,930

MARY SEBAL, *Appellee*, v. THE COLUMBIAN NATIONAL LIFE INSURANCE COMPANY, *Appellant*.

(58 P. 2d 1108)

Opinion filed July 3, 1936.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden,* all of Kansas City, and *John N. Montieth,* of Kansas City, Mo., for the appellant.

*George E. Gard,* of Kansas City, and *Frank H. Backstrom,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover on a life insurance policy issued by defendant, The Columbian National Life Insurance Company, in which policy plaintiff was named as beneficiary. Plaintiff prevailed and defendant appeals.

The sole question is, Was appellant's notice of its intention to cancel or forfeit the policy, which notice appellant mailed to the insured, a valid notice? The answer depends upon the construction and effect of a rider which was attached before the policy issued. The narration of a few preliminary facts may be helpful. On April 16, 1920, appellant issued this policy on the life of Louis Mauhar in the sum of $1,000. The original beneficiary was Helen Mauhar, wife of the insured. On February 26, 1921, the beneficiary was duly and regularly changed to Mary Sebal, appellee. The policy

was originally issued in consideration of an annual premium, $36.41. The premium basis was subsequently changed to semiannual, at the request of the insured and with consent of appellant. The semiannual premiums were $18.93, payable on the 16th of April and October, of each year. These premiums were paid up to and including the one due April 16, 1932. The next premium payment date was October 16, 1932. No payment was made on that date or thereafter. On October 17, 1932, appellant deposited in the general post office at Boston, Mass., postage prepaid, and addressed to Louis Mauhar, a notice of its intention to forfeit or cancel the policy. The notice read:

"The Company is required to send this notice in accordance with the provisions of an act of the legislature of the state of Kansas which was approved by the governor on March 17, 1913. You have already received notice of the due date of your premium in the usual course of business. This second notice is sent merely to comply with the statutes of your state.

"You are hereby notified that the premium on your policy is now due and unpaid, and that it is the intention of this company to cancel or forfeit said policy *if said premium is not duly paid within thirty days from date of this notice,* except as to any right to surrender values which may be contained in the policy. The policy number, the due date of premium, and the amount of premium is stated below. If you have already paid the premium to one of our agencies please disregard this notice." (Italics ours.)

The pertinent paragraph of the policy as originally written reads:

*"Thirty-one days' grace is allowed for the payment of all premiums after the first, during which period the policy remains in full force.* Upon default in payment of any premium or note given therefor, this policy shall lapse, and the company's only liability shall be such, if any, as is hereinafter provided." (Italics ours.)

In the margin of the policy and to the left of the above paragraph were stamped these words: "This paragraph *modified* by rider attached hereto." (Italics ours.)

The pertinent portion of the rider reads:

"The paragraph on the second page of this policy regarding days of grace is hereby amended to read, as follows:

*"This policy will lapse at the end of thirty days after the date that the premium falls due, unless the premium has been paid.* Upon default in payment of any note given therefor, this policy shall lapse. The company's liability in the event of lapse shall be such, if any, as herein provided. A notice will be sent to the insured and to the assignee of record, if any, on the date that the premium becomes due, stating that it is the intention of the company to lapse the policy, if the premium is not paid within the thirty days following the due date of the premium." (Italics inserted.)

The parties agree the controlling statutes are sections 1 and 2 of chapter 212 of the Laws 1913 (R. S. 40-332, 40-333), as originally enacted and not as subsequently amended. The original statutes were in force when the contract of insurance was entered into and hence are a part of the policy to the same extent as if incorporated therein. (*Bank Savings Life Ins. Co. v. Baker,* 120 Kan. 756, 244 Pac. 862.)

The original statutes read:

"It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas to forfeit or cancel any life insurance policy on account of nonpayment of any premium thereon, without first giving notice in writing to the holder of any such policy of its intention to forfeit or cancel the same: *Provided, however,* That this section shall not apply to any policy under the terms of which the premium is to be paid weekly, biweekly or monthly, and under which a grace period of at least four weeks is granted for the payment of every premium after the first, during which time the insurance shall continue in force." (R. S. 40-332.)

"Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the holder of any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such policyholder shall have the right, at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such policyholder to the address last known by such company; in which to pay such premium; and any attempt on the part of such insurance company to cancel or forfeit any such policy without the notice herein provided for shall be null and void. . . ." (R. S. 40-333.)

It will be noted the policy in the instant case, without the rider attached, expressly provided for a thirty-one day grace period. Under such a grace provision it has been held a notice of intention to forfeit, served during the grace period, did not satisfy the requirements of the above statutes. (*Priest v. Life Association,* 99 Kan. 295, 161 Pac. 631; *Cunningham v. Insurance Co.,* 106 Kan. 631, 189 Pac. 158; *Wolford, Administratrix, v. Insurance Co.,* 114 Kan. 411, 219 Pac. 263; *Wegner v. Federal Reserve Life Ins. Co.,* 130 Kan. 600, 287 Pac. 591; *Swayze v. Mutual Life Ins. Co.,* 32 F. 2d 784.) See, also, note in 32 A. L. R. 1253. These decisions are bottomed on the principle that during the grace period, insured had a right to pay the premium, hence no cause for forfeiture could arise during that period, and the notice served during such period was invalid. In the Priest case, *supra,* is found the following pertinent statement:

"Beyond this, however, the notice required is not notice of a contingent intention to forfeit which may possibly be entertained in the future. It is notice of an actual intention to forfeit because premium has not been paid. Such an intention cannot exist until cause for forfeiture arises. Cause for forfeiture cannot arise during the time within which payment may rightfully be made. That time must expire and the premium be unpaid. In the present instance the assessment was 'due' on July 1, but it could be paid at any time on or before August 1 without delinquency. The word 'nonpayment' in sections 1 and 2 of the statute, and the word 'unpaid' in section 2, imply default in payment, and the statutory notice could not be given before August 2." (p. 301.)

Appellant admits, under the above decisions, without the rider attached, appellee would have had sixty-one days from October 16, the due date, within which to pay the premium. It contends, however, that the wording of the rider, to wit: "This policy will lapse at the end of thirty days after the date that the premium falls due, unless the premium has been paid," rendered the foregoing decisions inapplicable and reduced the premium paying period to thirty days after October 16. On that theory the insured had thirty days after October 16, instead of thirty-one days within which to pay the premium. There could then have been no default until November 17, 1932. There was no accrual of the right to cancel until November 17, 1932, and the notice of October 17 did not satisfy the statutory requirements. In other words, the rider reduced the grace period from thirty-one days to thirty days, and a notice during that period was ineffective.

Furthermore, the note in the margin, opposite the thirty-one-day grace paragraph, to wit: "This paragraph modified by rider attached hereto," did not convey the idea that the grace period was eliminated from the policy, but rather, as the word indicated, the grace period was merely *modified* by the rider. Had it been the intention to eliminate the grace period the insurer could have effectively and clearly advised the insured in three simple words—"grace period eliminated." To our mind the policy compels the construction we have placed upon it. If, however, it could be successfully contended that ambiguity or uncertainty resulted from the retention of the original grace paragraph in the policy, and the attachment of the rider, such uncertainty must be resolved against a forfeiture. Forfeitures are never favored. The insurer prepared the rider. If it resulted in ambiguity, inconsistency, or uncertainty, the policy must be construed in favor of the insured. (*Bank v. Insurance Co.,*

91 Kan. 18, 137 Pac. 78.) The law of insurance is that in the construction of policies, if ambiguity or uncertainty exists the construction must be against the insurer. (*Bank v. Colton,* 102 Kan. 365, 170 Pac. 992; *Evans v. Accident Association,* 102 Kan. 556, 171 Pac. 643; *Hoskins v. North American Accident Ins. Co.,* 123 Kan. 731, 256 Pac. 981; *Samson v. United States Fidelity & Guaranty Co.,* 131 Kan. 59, 289 Pac. 427.)

From what we have said it follows the judgment must be affirmed. It is so ordered.