No. 45,517

FRANK L. CLARK and FERN E. CLARK, *Appellees,* v. THE PRUDENTIAL
INSURANCE COMPANY, OF AMERICA, *Appellant.*

(464 P. 2d 253)

Opinion filed January 24, 1970.

*Nelson E. Toburen,* of Pittsburg, argued the cause, and *Paul L. Wilbert,
Randall D. Palmer,* and *Garry W. Lassman,* all of Pittsburg, were with him
on the briefs for the appellant.

*Perry Owsley,* of Pittsburg, argued the cause and was on the briefs for the
appellees.

The opinion of the court was delivered by

KAUL, J.: This case involves the construction of a provision for "Non-occupational Vehicle Accident Death Benefit" in a policy of life insurance issued by the appellant on the life of Jerry L. Clark, son of the appellees.

The facts are not in dispute.

On May 26, 1965, appellant issued to Jerry L. Clark a life insurance policy in the face amount of $5,000.00 with double indemnity for accidental death and triple indemnity for accidental death falling within the "Non-occupational Vehicle Accident Death Benefit" provision.

The policy was in full force and effect on April 29, 1966, when Jerry L. Clark was killed in an accident. He was driving a motorcycle when he collided with a pickup truck at an intersection in Pittsburg.

Appellees, the beneficiaries of the policy, were paid $10,000.00; $5,000.00 on the face amount of the policy and $5,000.00 under the accidental death provision. Appellant refused to pay the triple indemnity benefit and this litigation followed.

The provision in question and its caption or heading are as follows:

"NON-OCCUPATIONAL VEHICLE
ACCIDENT DEATH BENEFIT

"If an Accidental Death Benefit is payable, as specified in the Accidental Death Benefit provisions, or would be payable except for the operation of the Reduction paragraph of such provisions, and if the required due proof shows that the injury resulting in the accidental death was sustained by the Insured (a) while driving or riding in a private automobile of pleasure car design (including station wagon or similar body types) not in use for commercial or occupational purposes by the Insured, or (b) *as a result of being struck by a motor vehicle while not himself or herself driving or riding in a motor vehicle,* or (c) while riding as a passenger in or upon a public conveyance provided by a common carrier for passenger service, the Company will pay, in addition to all other benefits provided by the policy, a Benefit equal to the face amount. If this Benefit becomes payable, it will be added to the proceeds otherwise payable under the policy." (Emphasis supplied.)

The question is whether the terms of the provision are ambiguous.

After pleadings were filed and issues joined, appellant filed a motion for summary judgment which was heard and overruled by the trial court on the grounds that the question whether the policy was ambiguous was an issue of fact, not determinable by summary

judgment. Thereafter, a pretrial conference was had following which the trial court entered a pretrial order in which essentially the same rulings were made as those announced on the overruling of appellant's motion for summary judgment.

Pertinent portions of the pretrial order read as follows:

"3. The court determines the following to be questions of fact to be determined in the case: (a) Whether or not the insurance policy provision is ambiguous; (b) Whether or not plaintiffs are entitled to the rule of favorable construction.

"4. A question of law is presented as to whether or not parole (sic) evidence is admissible concerning the interpretation of the policy by insurance agent of defendant. The court rules that a question of fact being present on ambiguity of the policy provisions, parole (sic) evidence is admissible to explain the intention of the parties to the insurance policy and evidence of the interpretation of the policy by insurance agents of defendant is admissible."

The case proceeded to trial on the issues set out in the pretrial order. Testimony of a number of witnesses, concerning the interpretation of the provision in question, was submitted by appellees over the objection of appellant. Thereafter, appellant presented the testimony of several witnesses to the effect that the provision was not ambiguous.

The trial court found the provision ambiguous; that parol evidence was admissible; and it was the intent of the parties that a benefit of triple indemnity would be paid for the death of the insured from a "non-occupational vehicle accident."

After hearing further evidence on the issue of attorney fees, the trial court found that appellant had refused, without just cause, to pay the loss and allowed a reasonable attorney fee to appellees' attorney.

On appeal appellant claims error by the trial court in ruling that ambiguity was a question of fact; that parol evidence was admissible regarding the interpretation of the policy; in failing to sustain appellant's motion for summary judgment; in finding the policy provision ambiguous; and in allowing attorney fees.

Whether a written contract is ambiguous is a question of law. (*West v. Prairie State Bank,* 200 Kan. 263, 436 P. 2d 402; and *Kittel v. Krause,* 185 Kan. 681, 347 P. 2d 269.) The same rule applies to a written contract of insurance. (1 Couch on Insurance 2d, § 15.3, p. 638; and *Goforth v. Franklin Life Ins. Co.,* 202 Kan. 413, 449 P. 2d 477.)

If the facts are admitted, it is the province of the court to deter-

mine whether they come within the clear and unambiguous terms of a policy of insurance. (1 Couch on Insurance 2d, § 15.3, pp. 638, 639.)

In the *Goforth* case, decided January 25, 1969, subsequent to the trial of the instant case, we held:

"As a general rule, the construction and effect of a written contract of insurance is a matter of law to be determined by the court. If the facts upon which a beneficiary relies to recover on the policy are admitted, then it is for the court to decide whether they come within the terms of the policy, and such determination may be made pursuant to a motion for summary judgment." (Syl. ¶ 1.)

On appeal appellees' counsel candidly admits the trial court should have found the question of ambiguity to be one of law. However, it is contended the matter is of no consequence since the same trial procedure would have been followed and thus the rights of appellant were not prejudiced by the trial court's erroneous rulings. We are inclined to agree with the appellees' theory as to the nonprejudicial effect of the trial court's ruling if the policy were ambiguous but, as to this, we cannot agree.

Before proceeding further with the question of ambiguity we should first consider the nature of the provision in relation to the policy as a whole. The provision is not a part of the basic contract between the parties but rather it provides for an additional benefit under the circumstances set out. It is not an exclusionary or reduction clause. The reduction paragraph of the accidental death benefit provision, mentioned in the first sentence of the provision, refers to a reduction of the accidental death benefit in case a payment had been made prior to death for the loss of sight or limbs, as a result of the same accident. The reduction paragraph referred to is not a reduction of benefits but only serves to avoid duplication of benefit payments and has no bearing on any of the issues here.

The provision in question is not an exclusionary clause, as contemplated in *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P. 2d 681. It does not grant and then take away; it only provides for a triple indemnity benefit, conditioned on the factors set forth therein, in addition to the benefits provided for in the other insuring agreements of the policy.

Returning to the question of ambiguity, we note rulings of this court dealing with the subject and pertinent to the issue in the case at bar.

When an insurance contract is not ambiguous, the court may not make another contract for the parties. Its function is to enforce the contract as made. (*Braly v. Commercial Casualty Ins. Co.,* 170 Kan. 531, 227 P. 2d 571.) To be ambiguous the contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language. (*Goforth v. Franklin Life Ins. Co.,* supra; *Koehn v. Central National Ins. Co.,* 187 Kan. 192, 354 P. 2d 352.) Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning. (*Goforth v. Franklin Life Ins. Co.,* supra; *Weiner v. Wilshire Oil Co.,* 192 Kan. 490, 389 P. 2d 803; *Custom Built Homes Co. v. State Comm. of Rev. and Taxation,* 184 Kan. 31, 334 P. 2d 808; *Braly v. Commercial Casualty Ins. Co.,* supra.)

Looking at the policy, from the view of an ordinary insured, we find three benefits provided: (1) An ordinary death benefit; (2) a double indemnity accidental death benefit; and (3) a triple indemnity accidental death benefit, under the provision in question.

From our examination of the provision we believe an average insured would clearly recognize that a triple indemnity benefit would be payable under (*a*) only when an insured is accidentally killed while driving or riding in a private passenger automobile for pleasure, or under (*c*) while riding as a passenger of a common carrier.

In the instant case, the insured was not driving or riding in a private automobile for pleasure nor was he a passenger of a common carrier. If covered, the accident resulting in the death of insured must fall within part (*b*), which we recite again:

". . . or (*b*) as a result of being struck by a motor vehicle while not himself or herself driving or riding in a motor vehicle, . . ."

What coverage would the average or ordinary insured attach to part (*b*)? We think an ordinary insured would readily discern that two conditions must exist in order to establish coverage under (*b*). First, the insured must be struck by a motor vehicle and, second, at a time when he was not driving or riding in a motor vehicle.

In this case the insured was struck by a motor vehicle but he was driving a motorcycle at the time. If a motorcycle is a motor vehicle, within the ordinary meaning thereof, then coverage under part (*b*) does not attach. We think an ordinary insured would commonly

understand a motorcycle to be a motor vehicle. It is so defined by statute. (K. S. A. 8-126 [*d*], 8-234 [*b*], and 8-501, now K. S. A. 1969 Supp.) We believe any ordinary insured would consider a motorcycle to be a vehicle driven by a motor and within the purview of the term "motor vehicle."

The primary risk contemplated by (*b*) clearly appears to be that of a pedestrian exposed to motor vehicle traffic. The language used, however, extends coverage beyond that of strict pedestrian classification by covering any insured who is not driving or riding in a motor vehicle. Thus an insured, though not a pedestrian but driving or riding in a non-motor driven vehicle (*i. e.*, a bicycle), would still be covered.

We believe the terms "automobile," "motor vehicle" and "vehicle" are of such common usage that an insured would understand the more limited aspects of the term "automobile," the broader facets of the term "motor vehicle" and that the term "vehicle" may include almost any means of conveying property or persons. (7 Am. Jur. 2d, Automobile Insurance, § 99, p. 406; 12 A. L. R. 2d, Anno., p. 598; 39 A. L. R. 2d, Anno., p. 952; and 78 A. L. R. 2d, Anno., p. 1044.)

If a policy of insurance is clear and unambiguous, the words are to be taken and understood in their plain, ordinary and popular sense, as an average or reasonable person with ordinary understanding would construe them, when used to express the purpose for which they were employed in the policy. (44 C. J. S., Insurance, § 294, pp. 1156-1159; *Goforth v. Franklin Life Ins. Co.*, supra; *Fowler v. United Equitable Ins. Co.*, 200 Kan. 632, 438 P. 2d 46.

Eliminating inapplicable alternatives, the phrase applicable to the facts of this case "while not himself . . . driving . . . a motor vehicle" is clear and unambiguous and does not require judicial interpretation or the application of rules of liberal construction. (*Esfeld Trucking, Inc. v. Metropolitan Insurance Co.*, 193 Kan. 7, 392 P. 2d 107; *Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co.*, 189 Kan. 528, 370 P. 2d 396; 43 Am. Jur. 2d, Insurance, § 259, p. 316.)

Appellees claim the policy is ambiguous because the words "or riding in" are used as an alternative in part (*b*) rather than the words "on" or "or upon." There is no question but that insured was driving a motor vehicle—a fact directly within the purview of part (*b*). Therefore, whether he was "riding in a motor vehicle" is immaterial and need not be determined. The provisions of an insur-

ance policy are to be construed in the light of the facts of the case. (*Standard Life & Accident Insurance Co. v. Hardee,* [Tex. Civ. App.], 330 S. W. 2d 544; 78 A. L. R. 2d, Anno., p. 1044.) The fact that terms of a policy of insurance may be construed as ambiguous, when applied to one set of facts, does not make them ambiguous as to others which come directly within the purview of such terms. (*Smith v. Mutual Benefit Health & Acc. Ass'n,* 175 Kan. 68, 258 P. 2d 993.)

While unnecessary for our disposition of the case, we have, nevertheless, examined the interpretation appellees seek to give the word "in" as used in the phrase "riding in a motor vehicle." Appellees argue that a motorcycle was not contemplated by appellant in drawing the contract because one does not "ride in" a motorcycle, and thus, when the term "motor vehicle" was used as the object of the sentence in part (*b*), it is contended that motor vehicle actually means only automobile, and as such could not include motorcycle. The narrow meaning which appellees seek to attach to the word "in," when used as a preposition in a phrase such as that in part (*b*), is contrary to the meaning attached by most courts when called upon to deal with the subject. (39 A. L. R. 2d., Anno., Accident Insurance—"in or on" car, p. 952.)

Appellees suggest inconsistency between the caption and the terms of the provisions. The benefit in question here is a part of the policy which sets out benefits supplementary to the basic policy. The provisions of each supplementary benefit are preceded by a caption or heading such as "Waiver of Premium Benefit," "Accidental Death Benefit" and that with which we are concerned "Non-occupational Vehicle Accident Death Benefit." The caption here is not an insuring provision; it is merely a heading or a title which standing alone would be inoperative. While it does not describe the additional supplementary benefits accruing to a pedestrian in part (*b*), or to a public conveyance passenger in part (*c*), it cannot be said to be misleading or to create an ambiguity. Part (*a*) supplies that which is described in the caption.

The undisputed facts are that the insured was driving a motor vehicle when he met his accidental death. Such being the case it is for the court to decide whether the facts come within the terms of the policy, and such determination may be made pursuant to a motion for summary judgment. (*Goforth v. Franklin Life Ins. Co.,*

supra.) Appellant's motion for summary judgment should have been sustained.

In view of our disposition of the case the matter of attorney's fees does not require consideration.

The judgment is reversed.