No. 47,091

WESTERN CASUALTY & SURETY COMPANY, *Appellant*, v. JACK L. BUDIG, ERNEST HAMMERSCHMIDT and ROGER HAMMERSCHMIDT, *Appellees*.

(516 P. 2d 939)

Opinion filed December 8, 1973.

*Norbert R. Dreiling* and *Dennis L. Bieker*, of the firm of Dreiling and Bieker, of Hays, were on the brief for the appellant.

*Norman W. Jeter, Edward Larson* and *Joseph W. Jeter*, of the firm of Jeter and Larson, of Hays, and *John F. Hayes*, of Hutchinson, were on the brief for Ernest Hammerschmidt and Roger Hammerschmidt, appellees.

The opinion of the court was delivered by

FROMME, J.: This is a declaratory judgment action brought to construe the provisions of a liability insurance policy issued to appellee Jack L. Budig covering a 1966 Buick Grand Sport automobile. On stipulated facts the district court held that the liability insurance policy afforded liability coverage to appellee under the provisions of the policy relating to use of other automobiles. Appellee was operating a borrowed motorcycle as a temporary substitute for the automobile described in the policy at the time the accident occurred. The Western Casualty & Surety Company appeals from the judgment affording such coverage.

The sole question presented on appeal is whether the liability insurance policy provided coverage while the insured was operating the motorcycle.

The insurance policy issued to Budig covered the use of a described automobile and extended liability insurance coverage

further with respect to another automobile temporarily used by him as a substitute. The provision for coverage while using other automobile reads:

"If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, [liability coverages] with respect to said automobile applies with respect to any other automobile, subject to the following provisions: [here follows certain limitations not pertinent to this case]"

We note the word "automobile" is used consistently throughout these insuring agreements and that insurance is extended while the insured is operating the described automobile or any other automobile used as a temporary substitute. Down to this point the terminology used in the policy appears to be clear and unambiguous. The word "automobile" is used consistently and we would assume it is used in the popular sense. Normally the word automobile when used in the popular sense would exclude motor vehicles such as motorcycles.

However, the insuring agreement contains a definition section pertinent to the insuring agreement as follows:

"IV. Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles, Including Automatic Insurance:

"(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word 'automobile' means:

"(1) Described Automobile—the motor vehicle or trailer described in this policy;

.   .   .   .   .   .   .   .   .   .   .

"(d) Two or More Automobiles. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but a motor vehicle and a trailer or trailers attached thereto shall be held to be one automobile as respects limits of liability under coverages A and B and separate automobiles as respects limits of liability, including any deductible provisions, under coverages D, E, F, G, H, I and J." (We are here concerned with coverages A and B, liability coverages.)

This definition section refers to the described automobile and the motor vehicle or trailer described in this policy interchangeably. So it appears the word "automobile" as previously used throughout the policy is not limited to the popular meaning of the word for in the definition section of the policy the larger generic term "motor vehicle" is used to give further meaning to the word "automobile".

An insurance contract is the prime example of an adhesion con-

tract possessing the distinctive characteristics of unequal bargaining strength between the seller and purchaser or the insurer and insured. See *Stewart v. Preferred Fire Ins. Co.*, 206 Kan. 247, 249, 477 P. 2d 966. The coverage, definitions and exclusions in today's standard insurance policy are predetermined by the insurance carrier long in advance of the individual insurance sale. The buyer's freedom of choice in selecting his policy is severely limited. Under these circumstances the law in its concern for even-minded fairness attempts to minimize the imbalance by means of a rule that in the event of ambiguity or conflict in the policy provisions a policy of insurance is to be construed strictly against the insurer and in favor of the insured. This rule has been consistently applied in Kansas. (See *Gowing v. Great Plains Mutual Ins. Co.*, 207 Kan. 78, 483 P. 2d 1072, and cases collected in 1-3 Hatcher's Kansas Digest [Perm. Supp.], Insurance, § 42, p. 542.)

Language in a contract of insurance is ambiguous if the words used to express the meaning and intention of the parties are insufficient in a sense that the contract may be understood to reach two or more possible meanings. (*Wood v. Hatcher*, 199 Kan. 238, 428 P. 2d 799; *Mays v. Middle Iowa Realty Corp.*, 202 Kan. 712, 452 P. 2d 279.) The ambiguity in the present policy arises from the use of the generic term "motor vehicle" to define the word "automobile".

Although an automobile in the popular sense does not include a motorcycle, a motorcycle is generally understood to be included in the broad generic term "motor vehicle" when that term is used to define insurance coverage unless specifically excluded. The exclusion section of the present policy does not exclude coverage when the insured is operating or riding on a motorcycle.

In *Clark v. Prudential Ins. Co.*, 204 Kan. 487, 464 P. 2d 253, this court was called on to consider whether a person insured under a "vehicle accident death benefit provision" in a life policy was excluded from coverage while riding on a motorcycle. The exclusionary provisions of the policy excluded coverage if the insured was driving a motor vehicle. In denying coverage to the insured it was there said:

"In this case the insured was struck by a motor vehicle but he was driving a motorcycle at the time. If a motorcycle is a motor vehicle, within the ordinary meaning thereof, then coverage under part (*b*) does not attach. We think an ordinary insured would commonly understand a motorcycle to be a

motor vehicle. It is so defined by statute. (K. S. A. 8-126 [*d*], 8-234 [*b*], and 8-501, now K. S. A. 1969 Supp.) We believe any ordinary insured would consider a motorcycle to be a vehicle driven by a motor and within the purview of the term 'motor vehicle.'" (p. 491)

In summary the court said:

"We believe the terms 'automobile,' 'motor vehicle' and 'vehicle' are of such common usage that an insured would understand the more limited aspects of the term 'automobile,' the broader facets of the term 'motor vehicle' and that the term 'vehicle' may include almost any means of conveying property or persons. . . ." (p. 492)

In *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, 471 P. 2d 352, this court was called on to construe the uninsured motorist coverage in an automobile insurance policy. In determining that a "dune buggy", not equipped or licensed for use on public roads, was not within the meaning of "automobile" as defined and used in the policy, we said:

"As a generic word, 'automobile' is broad enough to include all forms of self-propelling vehicles. However, the word is to be defined in a particular case from its association in the context and by considering the object or purpose of the instrument in which it is used. The manner in which a vehicle is used, as well as its construction, is an important factor in determining its character. . . .

"In *Williams v. Standard Accident Ins. Co.*, 158 C. A. 2d 506, 322 P. 2d 1026, the court said:

"' '". . . Automobile is general name adopted by popular approval of all forms of self-propelling vehicles for use on highways and streets, and is presumed to have been used in indemnity provision of accident policy in its common, general, and popular sense, in absence of proof to the contrary. . . ."' (p. 510.)" (p. 574)

In *Gowing v. Great Plains Mutual Ins. Co.*, supra, it is said:

"This court, also, has said that where an insurance company desires to limit its liability under a policy, it should employ such language as will clearly and distinctly reveal its stated purpose. (*Miller v. Farmers Mutual Automobile Ins. Co.*, 179 Kan. 50, 55, 292 P. 2d 711; *Chicago, R. I. & Pac. Rld. Co. v. Aetna Ins. Co.*, 180 Kan. 730, 737, 308 P. 2d 119.) Unclear and obscure clauses in a policy of insurance should not be permitted to defeat the coverage which is reasonably to be expected by the insured. (*Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 793, 457 P. 2d 34.)" (207 Kan. 81)

In the present case the insurance company could quite easily have used the term "four wheel private passenger car" to define automobile. It did not do so. Likewise under the exclusions from coverage it could quite easily have excluded motorcycles from

liability coverage the same as it excluded farm type tractors from non-insured motorist coverage. It did not do so. Consequently this court should follow a strict construction which is usually applied with regard to unclear adhesion contracts.

The appellant cites cases from Arkansas, Pennsylvania, Tennessee and other states which hold that a motorcycle is not an automobile under the provisions of certain insurance policies. We have examined those cases and note that the word "automobile" was not defined in those policies by using the broader generic term "motor vehicle".

In the cases examined, insurance was afforded on "private motor driven automobiles", "motor driven cars" or "four wheel private passenger, station wagon or jeep type automobiles". In none of the cases cited was the broader generic term "motor vehicle" used in the definition. In one of the Pennsylvania cases we note the court stated that the term "motor vehicle" would embrace a motorcycle, and a "motor driven car" was too restrictive to include a motorcycle.

The case of *Baltimore American Ins. Co. v. Reynolds*, 253 Ala. 104, 43 So. 2d 1, although not cited by either party, appears to be a case more nearly in point with our present case. In the opinion the Alabama court pointed out that the policy being examined covered automobiles owned by the insured or used by him, and then said:

"Had there been no other qualifying or defining terms of the policy then, under the strict letter of the policy, without considering other circumstances in connection with its processing and maintenance, by the weight of authority a motorcycle would not have been within its coverage. [Ctiations omitted.]

"But Article 10 may be construed as enlarging the meaning of the term 'automobile' from its ordinary and popular sense to its generic meaning, so as to include any motor vehicle as that term is generally used, including a motorcycle. It reads:

"'10. Automobile Defined; Trailers; Two or more Automobiles

"'Except where specifically stated to the contrary, the word "automobile" wherever used in this policy shall mean the motor vehicle, trailer or semi-trailer described in this policy. The word "automobile" shall also include its equipment and other equipment permanently attached thereto. The word "trailer" shall include semitrailer.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"We think it not unreasonable, from a consideration of the last above-quoted provision, that the policy may be construed as including 'motor vehicles, trailers and semi-trailers' within the term 'automobiles' in the insurance coverage. The term 'motor vehicle,' of course includes a motorcycle, . . . "
(p. 105.)

It appears in our present insurance policy that the insurer intended to include all "motor vehicles" within the term "automobiles" as is made manifest by the definition used where it is said the "described automobile" shall mean the "motor vehicle or trailer"; and then further stating, "When two or more *automobiles* are insured hereunder, the terms of this policy shall apply separately to each, but a *motor vehicle* and a trailer or trailers attached thereto shall be held to be *one automobile*". (Emphasis supplied.)

We therefore conclude where "automobile" is defined in a liability insurance policy in the broader generic sense as a "motor vehicle" a motorcycle is included absent an exclusionary provision expressly to the contrary.

The judgment is affirmed.

PRAGER, J., not participating.

FONTRON, J., dissenting: With due respect for my erudite colleagues, I cannot join their quest for ambiguity in this case. Even though an insurance contract is a "prime example of an adhesion contract" it is not *per se* ambiguous but is entitled to a reasonable and common-sense interpretation. This principle was soundly expressed in *Ferguson v. Phoenix Assurance Co.*, 189 Kan. 459, 370 P. 2d 379, in these words:

"It is a generally accepted rule that insurance policies are to be construed in favor of the insured and against the company. This rule, however, is to be invoked only where there exists rational grounds for construction of the policy. That is, the contract must contain provisions or language of doubtful, ambiguous or conflicting meaning, as gathered from a natural interpretation of its language. (*Knouse v. Equitable Life Ins. Co.*, 163 Kan. 213, 181 P. 2d 310; *Sebal v. Columbian Nat. Life Ins. Co.*, 144 Kan. 266, 58 P. 2d 1108; and *Koehn v. Central National Ins. Co.*, 187 Kan. 192, 354 P. 2d 352.) If the language when given its everyday commonly accepted meaning is clear and specific in presenting the subject matter at hand, the objective to be accomplished, the burdens assumed, and the benefits to be enjoyed or received, then the terms of the policy cannot be said to be doubtful of meaning or conflicting in terms. Under these circumstances, courts are not at liberty to indulge in a construction that would give an unnatural meaning to the language in order to accomplish results that could not be shown to have been in the minds of the parties. . . ." (p. 463.)

Similar sentiments were expressed by this writer in the dissenting opinion in *Gowing v. Great Plains Mutual Ins. Co.*, 207 Kan. 78, 84, 483 P. 2d 1072:

"In this jurisdiction the rule has always been that an insurance contract, if not ambiguous, is to be enforced according to its terms and courts are not

empowered to make another contract for the parties, their function being to enforce contracts as made. (*Knouse v. Equitable Life Ins. Co.*, 163 Kan. 213, 181 P. 2d 310; *Braly v. Commercial Casualty Ins. Co.*, 170 Kan. 531, 227 P. 2d 571; *Clark v. Prudential Ins. Co.*, 204 Kan. 487, 464 P. 2d 253.) We have also declared that the language of an insurance policy is to be taken in its ordinary and popular sense, and a court should not search for ambiguities where the words used have a common and well understood meaning. (*Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co.*, 189 Kan. 528, 370 P. 2d 396.)"

The present policy is designated as an Automobile Policy, and it provides liability coverage with respect to the 1966 Buick Grand Sport two-door automobile named in the policy and other automobiles while being operated by the insured. The court points out but two instances among the myriad provisions, insuring agreements, exclusions and conditions contained in the policy where the term motor vehicle is used: Once in defining the named automobile as "the vehicle described in this policy", which, concededly, is a Buick automobile—not a Buick motorcycle, and second, in providing that where two or more automobiles are insured, a motor vehicle and attached trailer shall be held to be one automobile—not one motorcycle—so far as limits of liability are concerned.

I think it nonsense to say that from this limited use of the term motor vehicle, that the words automobile and motor vehicle were used interchangeably throughout the policy, or that the contracting parties had in mind that when the insured might be riding his friend's or neighbor's motorcycle he would be operating an automobile. It may be granted that automobiles and motorcycles are motor vehicles, that they are both self-propelled vehicles, but this is not to say they are one and the same, or equal to each other. Many cases and legal authorities are cited by the appellant holding that motorcycles and automobiles are not legal equivalents.

The court cites language taken from *Kansas Farm Bureau Ins. Co. v. Cool*, 205 Kan. 567, 471 P. 2d 352, to the effect that generically the word automobile is sufficiently broad to include all forms of self-propelled vehicles. This observation, in my opinion, was not necessary to our disposition of that case and I doubt its accuracy if it was intended to imply that the term automobile includes a motorcycle as those terms are commonly understood and used. If an automobile is in law a generally inclusive term for self-propelled vehicles, as I understand the court now holds where an insurance policy like the one at bar is concerned, the term would naturally include a motor scooter, a motor-driven bicycle or a self-propelled

wheel chair. I respectfully decline to follow a rule which would lead to absurdities.

Before closing this brief but sincere dissent I should point out my disagreement with the statement in the court's opinion that "Normally the word automobile when used in the popular sense would exclude motor vehicles such as motorcycles, pickup trucks, station wagons and jeep type automobiles." In my judgment, which I readily concede is not infallible, the word automobile would include, not exclude, station wagons and jeep type automobiles, and might even include pickup trucks, as well. At the very least, jeeps and station wagons and even pickup trucks would seem to come far closer to fitting the description of an automobile in the public mind than would a motorcycle.

For reasons assigned I respectfully dissent.

KAUL, J., joins in the foregoing dissent.