[Civ. No. 35498. First Dist., Div. One. Aug. 7, 1975.]

LINDA LEE LaCOSTA, Plaintiff and Appellant, v.
PRUDENTIAL INSURANCE COMPANY
OF AMERICA, Defendant and Respondent.

## Counsel

Horace J. Siino for Plaintiff and Appellant.

Bennett, Van De Poel, Campbell & Ginder and William R. Strickland for Defendant and Respondent.

## Opinion

**THE COURT.**[*]—Linda Lee LaCosta appeals from the judgment of dismissal entered after demurrer to her complaint was sustained without leave to amend. Notice of appeal was filed prior to the entry of judgment; however, we elect to treat said notice as filed immediately thereafter and thus timely. (Cal. Rules of Court, rule 2(c).)

Appellant, as beneficiary, sought to recover proceeds under a nonoccupational vehicle accident provision contained in an insurance policy issued by respondent on the life of appellant's deceased husband. The complaint alleged that appellant's husband was killed while driving a motorcycle. Respondent paid the face amount of the policy and the "double indemnity" benefit. It refused to pay an additional sum equal to the face value of the policy under a nonoccupational vehicle accident death benefit.

[*]Before Molinari, P. J., Sims, J., and Elkington, J.

■ The sole question involved in this appeal is whether the insured can qualify under either conditions (a) or (b) of a supplemental provision of the policy which provided for payment if "the injury resulting in the accidental death was sustained by such person (a) while driving or riding in a private automobile of pleasure car design (including station wagon or similar body types) not in use for commercial or occupational purposes by such person, or (b) as a result of being struck by a motor vehicle while not himself or herself driving or riding in a motor vehicle. . . ." We conclude that the insured cannot qualify, and the beneficiary cannot recover thereunder.

While apparently no California appellate decision has construed the nonoccupational vehicle accident death benefit clause at issue here, three out-of-state decisions have done so. All have rejected some portion of the arguments which appellant raises here: (1) that one rides "on" not "in" a motorcycle, therefore a motorcycle was not contemplated by the insurer in drawing the contract (*Clark* v. *Prudential Insurance Company of America* (1970) 204 Kan. 487 [464 P.2d 253, 257-258]; *Jirousek* v. *Prudential Ins. Co. of America* (1971) 27 Ohio St. 2d 62 [56 Ohio Ops.2d 34, 271 N.E.2d 866, 868]; *Prestenback* v. *Prudential Ins. Co. of America* (La.App. 1972) 257 So.2d 698, 699); (2) that the terms "automobile" and "motorcycle" are synonymous (*Jirousek, supra,* at p. 866; see also *Clark, supra,* at p. 257); and (3) that there is inconsistency between the caption and the terms of the provisions (*Clark, supra,* at p. 258). We concur with the results reached in those decisions.

We conclude that "motorcycle" is not synonymous with "automobile." (*Lightner* v. *Farmers Ins. Exch.* (1969) 274 Cal.App.2d Supp. 928, 930 [79 Cal.Rptr. 526]; cf. *Safeco Ins. Co.* v. *Vieth* (1973) 33 Cal.App.3d 956, 958-959 [109 Cal.Rptr. 493].) The demurrer was properly sustained.

Judgment of dismissal affirmed.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1975.