INTEGRATED LIVING COMMUNITIES, INC., Plaintiff,

v.

The HOMESTEAD COMPANY, L.C., Defendant.

No. 98–4235–DES.

United States District Court, D. Kansas.

June 23, 2000.

Randall J. Forbes, Kevin M. Fowler, Clinton E. Patty, Frieden, Haynes & Forbes, Topeka, KS, for Integrated Living Communities, Inc., plaintiff.

Michael J. Norton, Foulston & Siefkin L.L.P., Wichita, KS, Terry L. Malone, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, KS, for Homestead Company, L.C., The, defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion for Summary Judgment (Doc. 27). Both parties have filed briefs on this motion and the court is prepared to rule.

## I. FACTUAL BACKGROUND

The basic facts in this case are not in dispute. The parties entered into a signed agreement for the sale of property. The pertinent language in the contract reads as follows:

Homestead will pay ILC $300,000.00 in twenty-four (24) equal monthly installments of $12,500.00, without interest, commencing thirty (30) days after the Closing Date and continuing on the last day of each month thereafter for a period of twenty-four (24) months.

The plaintiff filed this suit claiming that the defendant has failed to make any of the payments due under the contract. The plaintiff claims it is entitled to the full $300,000.00 plus pre-judgment interest at the statutory rate of ten percent per annum, as provided for in Kan.Stat.Ann. § 16–201, on the unpaid installments under the contract. The defendant does not dispute the fact that it has failed to make any payments. However, the defendant claims that the plaintiff is not entitled to the prejudgment interest under the terms of the contract.

## II. STANDARD FOR SUMMARY JUDGMENT

A court shall render summary judgment upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The rule provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *Id.* at 248, 106 S.Ct. 2505. A dispute over a material fact is genuine when the evidence is such that a reasonable jury could find for the nonmovant. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

The movant has the initial burden of showing the absence of a genuine issue of material fact. *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993). The movant may discharge its burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant need not negate the nonmovant's claim. *Id.* at 323, 106 S.Ct. 2548.

Once the movant makes a properly supported motion, the nonmovant must do more than merely show there is some metaphysical doubt as to the material facts.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must go beyond the pleadings and, by affidavits or depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (interpreting Fed. R.Civ.P. 56(e)). Rule 56(c) requires the court to enter summary judgment against a nonmovant who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof. *Id.* at 322, 106 S.Ct. 2548. Such a complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Id.* at 323, 106 S.Ct. 2548.

A court must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g., U.S. v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986) (stating that "[t]he court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues"). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505. Essentially, the court performs the threshold inquiry of determining whether a trial is necessary. *Id.* at 250, 106 S.Ct. 2505.

## III. ANALYSIS

As stated above, the basic facts of this case are not in dispute. The only issue between the parties is whether the contract allows for the collection of prejudgment interest on the unpaid installments. The defendant claims that the contract is at least ambiguous as to whether the interest is allowable, thus making summary judgment improper.

▮▮▮ Under Kansas law, the issue of whether a contract is ambiguous is a question of law to be determined by the court. *Clark v. Prudential Ins. Co. Of America*, 204 Kan. 487, 464 P.2d 253, 256 (1970). If the contract is not ambiguous, the contract must be enforced as written. *Id.* If, however, the court determines a contract to be ambiguous, the question of fact as to the intent of the parties becomes paramount and summary judgment is improper. *See Wright v. State Farm Mut. Automobile Ins. Co.*, 911 F.Supp. 1364 (D.Kan.1995). "To be ambiguous, the contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language." *Clark*, 464 P.2d at 256. "Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the possible meaning." *Id.* Courts should not attempt to create ambiguity in a contract where, in common sense, there is none. *Pink Cadillac Bar and Grill, Inc. v. U.S. Fidelity and Guar. Co.*, 22 Kan.App.2d 944, 925 P.2d 452, 456 (1996).

▮▮▮ The court finds that the contract between the parties is not ambiguous. The contested language in the contract states that the defendant will pay the plaintiff "in twenty-four (24) equal monthly installments of $12,500.00, without interest, . . . ." Although it is possible to read the contract in the manner forwarded by the defendant—that "without interest" means that no interest will be charged on either the installments under the contract before they come due or after they are past due— the court finds that there is no genuine uncertainty as to what was meant by the parties. The provision in the contract is clearly meant to indicate that this was to be an interest free loan in the sense that no interest would be charged on the unpaid principal. The phrase "without interest" is stated in relation to the terms of the loan and there is no indication, whatsoever, that it would also apply to the situation where the defendant defaulted on the

loan. To find ambiguity on the issue of whether the provision was intended to preclude any interest, including prejudgment interest on unpaid installments after they become past due, would require the court to create ambiguity where no genuine controversy exists.

 In addition to finding that the contract is not ambiguous, the court also finds that prejudgment interest is proper in this case. When deciding whether to award prejudgment interest in this case, the court is bound to follow Kansas law. Kansas law requires awarding prejudgment interest when a party is entitled to liquidated damages—when both the amount due and the date on which it is due are fixed and certain. *See, St. Francis Regional Medical Center, Inc. v. Weiss,* 254 Kan. 728, 869 P.2d 606, 623–24 (1994) (reversing trial court's denial of prejudgment interest on liquidated damages) and *Royal College Shop, Inc. v. Northern Ins. Co.,* 895 F.2d 670, 673–74 (10th Cir.1990) (stating that if damages are liquidated, prejudgment interest must be awarded). The court finds that the damages in this case were liquidated. Both the amount due and the payment date are clearly stated in the agreement. Therefore, the plaintiff will be entitled to prejudgment interest on each of the missed payments. The interest will have accrued from the date each payment was missed through the date of this order.

## IV. CONCLUSION

The court finds that summary judgment is proper in this case. The court is unwilling to accept the defendant's position and read ambiguity into the contract where it is clear no genuine controversy exists. The statement that the payments were to be made without interest was clearly used solely to indicate that there was no interest to be charged on the loan itself. This is much different that stating that the plaintiff would not charge the defendant interest on the debts that accrued when installments went unpaid. Having found no ambiguity exists in the contract, and that the plaintiff is entitled to judgment as a matter of law, the court finds that the

plaintiff is entitled to summary judgment for the amount of the loan, plus prejudgment interest at the rate of ten percent per annum on the unpaid installments from the date each installment was due until the date of this order.

**IT IS THEREFORE BY THIS COURT ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 27) is granted.

**IT IS FURTHER ORDERED** that judgment is to be entered in favor of the plaintiff in the amount of $300,000.00 plus prejudgment interest at the rate of ten percent per annum on the unpaid installments from the date each installment under the agreement was due until the date of this order.