**THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, a Corporation, v. ROBERT HUGH CURRY.**

24 So. (2nd) 316            June Term, 1945
October 26, 1945             En Banc
Rehearing granted Nov. 26, 1945

*McKay, Dixon & DeJarnette* and *Sam E. Matthews,* for petitioner.

*Hendricks & Hendricks,* for respondent.

BROWN, J.:

This cause is before us on a petition for certiorari to review a judgment of the Circuit Court of Dade County, sitting as an appellate court, affirming a judgment in favor of the respondent Curry, which had been recovered by him against the petitioner in the Civil Court of Record of Dade County. The action was brought upon an insurance policy issued by

the petitioner, the Metropolitan Casualty Company of New York, to the respondent and which was in full force and effect at the time of his injuries on March 25, 1941. The case was tried on a stipulation of facts, the pertinent portion of which read as follows:

"That on said date the plaintiff was engaged in the line of his duties in assisting with the delivery of certain bottled drinks, which drinks were being transported by the plaintiff and another person in a motor truck; that on said date the motor truck was parked on the Tamiami Trail, approximately twenty miles west of Miami, Florida; that the plaintiff saw a motor vehicle approaching from the rear traveling toward Miami and saw that the operator of said vehicle apparently did not observe the presence of the parked truck; that the plaintiff stood upon a catwalk which ran from the front to the rear of the truck for the purpose of facilitating the handling of the bottled drinks and, standing upon such catwalk, attempted to attract the attention of the on-coming motor vehicle so that it would swerve and miss the parked truck; that the operator of the on-coming vehicle still unaware of the presence of the truck continued to approach it at a high rate of speed, struck the rear of the truck and knocked the plaintiff to the ground and he sustained injuries which resulted in his total disability for a period from March 25, 1941 to September 23, 1941, or 26 weeks, and a partial disability for 4 weeks additional; that the plaintiff was not struck by the motor vehicle which caused him to be thrown to the ground and that the vehicle upon which the plaintiff was standing at the time it was struck was not a private passenger automobile, a taxicab, a motor bus, or a motor stage, but was a delivery truck, it being the purpose of this stipulation to submit to the court whether or not the foregoing facts bring the plaintiff's case within the provisions of Section C of the policy sued upon."

The pertinent portion of the policy referred to is Section C, or clause C, of the first paragraph of said policy which reads as follows:

"HEREBY INSURES the person named as applicant in the copy of the application for this Policy endorsed hereon,

subject to the provisions, conditions and limitations herein contained, against loss or disability, effected during the term of this Policy, resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means (suicide while sane or insane, is not covered) which bodily injuries or their effects are not caused wholly or in part directly or indirectly by any disease, defect or infirmity, and sustained by the Insured (a) while riding within a private passenger automobile (including any taxi-cab, motobus or motor stage) and provided such injury results from an accident to the automobile; or (b) while cranking a private passenger automobile; or (c) in consequence of being struck by an automobile which is in motion under its usual motive power; or (d) caused by the burning of a private passenger automobile," etc.

It will have been observed from the above that the plaintiff was not *struck* by an automobile in motion under its usual motive power, but that plaintiff was standing on a parked truck which was struck by the on-coming automobile, and that as a result of this collision plaintiff was knocked or thrown to the ground and injured.

The question is: are the stated facts sufficient to bring the plaintiff's case within the provisions of Clause C of the policy sued upon?

The rule is well established that where there is any doubt or ambiguity in the words or language used in an insurance policy, such ambiguity must be construed most strongly in favored of the insured. But the question arises, is there any ambiguity in the language of the policy? It insured the respondent here against loss or disability sustained by the insured "in consequence of being struck by an automobile which is in motion under its usual motive power. It is argued that the policy does not state "that the automobile itself must strike the insured himself," and that it was sufficient to show that the automobile, moving under its usual motive power, struck the truck, on which the plaintiff was standing, in the rear of said truck, causing the same to lurch forward, in consequence of which the plaintiff was knocked from the truck

to the ground. Counsel for respondent also say that the word "struck" has many definitions, one of which is "to come into collision with," another, "to cause or produce by a strike or blow;" citing Webster's New International Dictionary.

On the other hand, counsel for petitioner say that plaintiff was in a stationary position—standing on a parked truck, that the tendency of a body at rest is to remain at rest and that when the automobile ran into the truck from the rear the truck was thrown forward sharply and that plaintiff was projected to the ground, not because he was "struck" by the automobile but because he remained stationary until the momentum of the collision, and then gravity pulled him to the ground.

Counsel for petitioner also cite Webster's New International Dictionary, Second Edition, which gives twenty-four meanings to the word "strike" or "struck," the word struck being the past tense of the word strike, and that the twenty-four meanings of the word contained in said Dictionary, each one requires some physical contact; that the most usual meaning of the word, and the one intended by the words of the policy is: "to touch or hit with some force, either with the hand or an instrument." This is the first meaning given by the Dictionary, but the second is "to come in collision with; as the ship struck a reef."

Aside from the various definitions given in the Dictionary, we think that the word "struck" as used in this policy should be given its ordinary and commonly accepted meaning, construed in connection with its context. The policy insured this respondent against loss or disability resulting directly, independently and exclusively of all other causes, from bodily injury effected solely through external, violent and accidental means and sustained by the insured, "in consequence of being struck by an automobile which is in motion under its usual motive power." This was a limited policy and on the first page thereof it had these words in capital letters: "This is a limited policy read it carefully."

Our opinion is that the words "being struck by an automobile which is in motion," as used in the policy, implied an

actual striking, in actual physical contact or collision between the moving automobile and the person of the insured.

Counsel for petitioner cite in support of their contention: Harley v. Life and Casualty Insurance Company, 40 Ga. App. 171, 149 S.E. 76, and Gant v. Provident Life and Accident Insurance Company, 197 N.C. 122, 147 S.E. 740. Counsel for the respondent cite the case of Maness v. Life and Casualty Insurance Company of Tennessee, 28 S.W. (Tenn.) 339.

While the language of the policy is not ambiguous, and it is plain that the plaintiff in the court below was not "struck" by the automobile, it must be admitted that in an action for damages against the owner of the car, the striking of the truck on which the plaintiff was standing by the moving automobile could properly be held to constitute the efficient and proximate cause of his injuries. But the terms of the policy say nothing about proximate cause. In plain and simple language the cause of injury insured against was being *struck* by an automobile in motion under its usual motive power, and the fact is that the insured was not struck by the automobile. It never touched him.

For these reasons the writ of certiorari must be granted and the judgment of the Circuit Court affirmed the judgment of the Civil Court of Record must be and is hereby quashed, and the cause remanded with directions to enter a judgment of reversal.

It is so ordered.

CHAPMAN, C. J., BUFORD and SEBRING, JJ., concur.

TERRELL, THOMAS and ADAMS, JJ., dissent.

PER CURIAM:

On Petition for Rehearing granted, it is, upon consideration, ordered that the opinion adopted October 26, 1945, be set aside and held for naught. The petition for certiorari originally presented to this Court is in all respects hereby denied. It is so ordered.

CHAPMAN, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.

BROWN, J., dissenting:

I dissent for the reasons set forth in the opinion written by me and concurred in by a majority of the Court, and which was filed, and became a part of the records of this Court, on October 26, 1945.

BUFORD and SEBRING, JJ., concur.