No. 46,523

GERTRUDE WHEELER, Individually and as Administrator of the Estate of S. J. Wheeler, *Appellant,* v. EMPLOYER'S MUTUAL CASUALTY COMPANY, d/b/a EMCASCO INSURANCE COMPANY, *Appellee.*

(505 P. 2d 768)

Opinion filed January 20, 1973.

*Gerald W. Scott,* of Wichita, argued the cause, and was on the brief for the appellant.

*Daniel C. Bachmann,* of Wichita, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action to recover under the "Medical Payments" section of an automobile insurance policy. The trial court upheld the position of the insurance company and denied the claim. The only issue involves the interpretation of the provisions of the insurance contract. The case is before this court on an agreed statement of facts.

On October 24, 1969, S. J. Wheeler owned two automobiles—a 1968 Ford pickup truck and a 1967 Ford custom. The 1968 Ford pickup truck was insured under a policy issued by the State Farm Mutual Insurance Company. The 1967 Ford custom was insured under the policy which is involved in this case and which was issued by Emcasco, the defendant-appellee. Both insurance policies contained medical payment provisions. On October 24, 1969, Mr. Wheeler, while driving the 1968 Ford pickup, was involved in a two-car collision. The Wheeler vehicle was struck broadside by another automobile. Upon impact Mr. Wheeler's body was thrown out of the truck and onto the pavement. Mr. Wheeler, the named insured, sustained serious bodily injuries and as a consequence thereof died on November 9, 1969. Medical and funeral expenses were incurred as a result of Mr. Wheeler's fatal accident in the amount of $5,407.20. The medical payments coverage provided under the State Farm Mutual policy was not sufficient to cover all of the expenses for medical care and for Mr. Wheeler's funeral. Mrs. Wheeler as administratrix of her husband's estate made claim against Emcasco in the amount of $1,544.84. The parties have stipulated that this amount would be the pro-rata obligation of Emcasco in the event its policy provided medical payment coverage under the circumstances of this case. The provisions of the Emcasco policy which are material to the issues raised in this case are in substance as follows:

DEFINITIONS:

"Owned automobile" means a private passenger . . . automobile described in the policy for which a specific premium charge indicates that coverage is afforded . . .

"Non-owned automobile" means an automobile . . . not owned by . . . the named insured . . .

PART II—Expenses for Medical Services

COVERAGE C—Medical Payments

To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical . . . etc. . . . .

DIVISION 1.

To or for the named insured . . . who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident,

(a) while occupying the owned automobile,

(b) while occupying a non-owned automobile . . . or

(c) through being struck by an automobile . . .

The "Exclusions" section of the policy has no provisions relevant to the issues raised here.

Mrs. Wheeler filed her proof of claim under the Emcasco policy. Emcasco denied any coverage or responsibility to pay under the medical payment section of the policy on the ground that the named insured, S. J. Wheeler, was not occupying an owned automobile for which a specific premium charge was paid.

On August 25, 1970, Mrs. Wheeler brought this action under the policy. After the completion of discovery each of the parties filed a motion for summary judgment. The trial court overruled plaintiff's motion for summary judgment and sustained the motion for summary judgment filed by the defendant Emcasco. The trial court based its denial of plaintiff's claim on the theory that the provision in the Emcasco policy, Part II, Coverage C, Division 1 (c) which reads:

"Through being struck by an automobile . . ."

only applies in situations where the insured was a pedestrian at the time of injury. Mrs. Wheeler has brought an appeal to this court from the denial of her claim under the Emcasco policy.

Both of the parties concede that there is no coverage under the medical payment provisions of the Emcasco policy unless it is provided under Coverage C, Division 1 (c). The appellee Emcasco contends here as it did in the trial court that this section applies only where the named insured at the time of injury was a pedestrian or in other words not occupying an automobile. It maintains that the insurance policy must be construed as a whole, giving effect to all its provisions. The thrust of the argument is that a construction of the policy which interprets the language of subparagraph (c), "through being struck by an automobile . . .", as extending coverage to an insured while driving a motor vehicle which is neither "owned" or "non-owned" within the policy definitions does violence to the intent of the parties and virtually renders meaningless subparagraphs (a) and (b) of Division 1, Coverage C. Stated otherwise, defendant contends that if coverage is extended to the insured here, it would in effect give coverage not only while the insured was occupying an owned and a non-owned vehicle as those terms are defined in the policy but also separate and distinct coverage while the insured was occupying a vehicle not within either category.

Mrs. Wheeler argues that the ruling of the trial court is contrary to the plain language of the policy and points out that other jurisdictions faced with similar policy language for interpretation on

similar facts have almost universally allowed recovery, holding that there is no need for direct physical contact between the striking automobile and the injured insured.

The issue presented here is one of first impression in Kansas. There are, however, a number of cases from other jurisdictions which squarely decide the issue. The various cases may be found in a comprehensive annotation on this subject in 33 A. L. R. 3d 962 and in the supplement thereto. An analysis of the cases shows clearly that the only jurisdiction today which supports the position of Emcasco is the State of Washington. In *Johnston v. Maryland Casualty Co.*, 22 Wash. 2d 305, 155 P. 2d 806, (1945), the Supreme Court of Washington held that a truck driver who was still in the truck after a collision and whose body never had a direct contact with the automobile which struck the vehicle in which he was driving was not "struck by an automobile" within the meaning of an automobile insurance policy. A Florida decision temporarily recognized the rule of the *Johnston* case. The case was *The Metropolitan Casualty Ins. Co. v. Curry*, 156 Fla. 502, 24 So. 2d 316, which was decided by the Supreme Court of Florida on October 26, 1945. On petition for rehearing the original opinion was set aside and held for naught. Since 1945 no jurisdictions have adopted the rule of *Johnston*.

On the contrary every other jurisdiction holds that the proper interpretation of the "struck by" provision in insurance policies is that direct physical contact of the insured's body with the offending vehicle is not a prerequisite to recovery under such policy provisions. The jurisdictions which have adopted the rule urged here by appellant are Arkansas, Georgia, Iowa, Louisiana, Mississippi, New Jersey, North Carolina, New York, Ohio, Pennsylvania, South Carolina, Tennessee and Texas. All of the more recent decisions adopt the majority view. We note in particular *Bates v. United Security Insurance Company* (1968 Iowa) 163 N. W. 2d 390; *Trust Co. v. Insurance Co.*, 276 N. C. 348, 172 S. E. 2d 518 (1970); *Blanchard v. Hanover Insurance Company*, La. App. 250 So. 2d 484 (1971); *Ramsden v. Gov't Employees Ins. Co.*, 123 Ga. App. 163, 179 S. E. 2d 671 (1971); *Leger v. Allstate Insurance Company*, La. App. 252 So. 2d 186 (1971). We have no hesitancy in adopting for this state the rule which is supported by the overwhelming majority of jurisdictions in this country. Our own decisions which govern the construction and interpretation of insurance policies can lead

us to no other position. Our approach to the problem is controlled by the rules frequently applied and stated in *Fowler v. United Equitable Ins. Co.*, 200 Kan. 632, 438 P. 2d 46, as follows:

". . . The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention of the parties. The test to be applied in determining this intention is not what the insurer intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean. When the contract is clear and unambiguous, the words are to be taken and understood in their plain, ordinary, and popular sense, and there is no need for judicial interpretation of (or) the application of rules of liberal construction; the court's function is to enforce the contract according to its terms. Since an insurer prepares its own contracts, it has a duty to make the meaning clear, and if it fails to do so, the insurer, and not the insured, must suffer. Thus, if the terms of a policy are ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail. . ." (pp. 633-634.)

These rules were recognized and followed in *Blue v. Aetna Life Ins. Co.*, 208 Kan. 937, 494 P. 2d 1145; *Canal Insurance Co. v. Sinclair*, 208 Kan. 753, 494 P. 2d 1197; and *Simpson v. KFB Insurance Co., Inc.*, 209 Kan. 620, 498 P. 2d 71. Applying these rules to the facts of the case at bar we hold that the proper interpretation of the policy in question is that direct physical contact of the insured's body with the offending automobile is not a prerequisite to recovery.

Having determined that the deceased insured S. J. Wheeler was "struck by an automobile" within the policy provisions we must also decide the legal operation of Coverage C (Medical Payments) when considered in context with the entire Part II of the policy. Of course, Mr. Wheeler was in neither the "owned" nor a "non-owned" vehicle within the definitions of the policy at the time of the collision and if entitled to recover he must come under the policy provision "struck by an automobile." As pointed out heretofore Emcasco maintains that coverage was not intended in those situations where the insured is struck by an automobile while occupying another vehicle not within subparagraphs (*a*) and (*b*) of Division 1, Coverage C. Emcasco maintains that such a construction would render subparagraphs (*a*) and (*b*) as of no significance, surplusage and meaningless. While we have a duty to consider the insurance contract as a whole, our duty is to ascertain what the insured, as a reasonable person, understood the policy to mean, not what the insurer actually intended. A contract of insurance should not be construed through the magnifying eye of

the technical lawyer but rather from the standpoint of what an ordinary man would believe it to mean.

When we examine the pertinent sections of the policy, we note that subparagraphs (*a*), (*b*) and (*c*) of Division 1, Coverage C, Part II, are each set apart with subparagraph (*c*) being joined by the conjunction "or." As used in its ordinary sense the word "or" marks an alternative indicating the various members of the sentence which it connects are to be taken separately. (*The People v. Vraniak,* 5 Ill. 2d 384, 125 N. E. 2d 513, 517, where authorities are collected.) The word "or" is defined in Webster's Third New International Dictionary as a functional word to indicate an alternative between different or unlike things, states or acts. In view of the use of the word "or" in Division 1 of Coverage C, we think it clear that the legal operation of subparagraph (*c*) must be treated as an additional and separate coverage over and above the coverage provided by subparagraphs (*a*) and (*b*). If the insurer desired to limit coverage under subparagraph (*c*) to situations where the policy beneficiary was outside an automobile, it had the opportunity but failed to do so. If the insurer Emcasco intended to restrict its coverage, it should have used language clearly stating its purpose. (*Canal Insurance Co. v. Sinclair,* supra.) We hold that the plaintiff Mrs. Wheeler is entitled to coverage under the medical payment provisions of the Emcasco policy in the stipulated amount of $1,544.84 and that the trial court erred in denying her claim.

In view of our conclusion the further question remains as to the plaintiff's entitlement to attorney fees under K. S. A. 1972 Supp. 40-256. That statute provides for payment of attorney fees when it appears the insurer has refused without just cause or excuse to pay the full amount of a loss in accordance with the terms of the policy. Whether there are reasonable grounds for contesting the claim depends upon the facts and circumstances of each particular case. (*Parker v. Continental Casualty Co.,* 191 Kan. 674, 383 P. 2d 937.) Under the circumstances shown here we find that the defendant Emcasco refused without just cause or excuse to pay the plaintiff's claim under its policy. This finding is based upon the overwhelming weight of authority in support of the plaintiff's position and our well established rules which govern the construction of insurance policies discussed heretofore.

By separate order an allowance of attorney fees for services in this court on the appeal has been entered. The judgment of the

district court is reversed and the case is remanded with directions to the trial court to allow as part of the costs an appropriate attorney fee for the services of plaintiff's attorney in the district court.