No. 47,399

WESTERN CASUALTY AND SURETY COMPANY and WESTERN INDEMNITY COMPANY, INC., *Appellees*, v. PHILIP BESHORE, *Appellant*.

(524 P. 2d 208)

Opinion filed July 17, 1974.

*Orval L. Fisher*, of Wichita, argued the cause and was on the brief for the appellant.

*John F. Hayes*, of Gilliland, Hayes, Goering and Mills, of Hutchinson, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: This is a declaratory judgment action brought by two insurers to determine their liability for medical payments under two automobile policies issued by them. The trial court ruled that by reason of an exclusionary clause the policies afforded no coverage, from which judgment the insured appeals.

The case was submitted to the trial court on stipulated facts. At the time in question appellant Philip Beshore was the owner of a 1962 Oldsmobile insured under an automobile liability policy issued by appellee Western Casualty and Surety Company and of a 1969 Chevrolet insured under a like policy issued by appellee Western Indemnity Company, Inc. Each policy included provisions for medical payments in the amount of $1,000. Beshore also owned a motorcycle, which was not insured by either appellee.

On November 4, 1971, while riding his motorcycle Beshore was injured when he was struck at an intersection by an automobile owned and operated by Nadine Henson. He was severely injured and his medical expenses were in excess of $2,000.

Beshore made claim upon appellees for medical payments, which

were denied by reason of policy exclusions, and this lawsuit ensued.

The policy issued by Western Casualty contains the following provisions pertinent to medical payments:

### SECTION 1—LIABILITY AND MEDICAL PAYMENTS

"Coverage C—Automobile Medical Payments: To pay all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, X-ray and dental services, including pharmaceuticals, eyeglasses, hearing aids and prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 2: To or for each insured who sustains bodily injury, caused by accident, while occupying, or through being struck by, an automobile.

"IV. Definitions: Under Section 1:

"(a) Automobile, except with respect to division 2 of coverage C and except where stated to the contrary, means:

"(1) Described Automobile—the motor vehicle or trailer described in this policy;

"Under division 2 of coverage C, the word 'automobile' means a land motor vehicle or trailer not operated on rails or crawler treads, but does not mean: (1) a farm type tractor or other equipment designed for use primarily off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle.

"Exclusions: This policy does not apply under Section 1:

(j) under division 2 of coverage C, to bodily injury to an insured sustained while occupying an automobile owned by any insured. . . ."

The policy issued by Western Indemnity contains substantially the same provisions (the definition of automobile under division 2 of coverage C is identical to that set forth above in subparagraph (j) in the Western Casualty policy). Its exclusionary clause relied upon reads:

"EXCLUSIONS:

"This policy does not apply:

"(i) under division 2 of coverage C, to bodily injury to or sickness, disease or death of an insured sustained while in or upon or while entering into or alighting from an automobile owned by any insured; . . ."

The basis of appellant's claims under both policies is the clause under division 2 providing medical payments to an insured who sustains "bodily injury, caused by accident . . . through being struck by an automobile". Although the application of this clause

apparently was an issue at trial, the court did not rule against appellant on this basis and appellees now concede, as they must by reason of our decision in *Wheeler v. Employer's Mutual Casualty Co.*, 211 Kan. 100, 505 P. 2d 768, that coverage is initially provided by the policy in a situation as in the case at bar. In *Wheeler* it was held that an insured injured when the truck he was driving was struck from the side by another automobile was "struck by an automobile" within the meaning of a policy provision for medical payments even though there was no direct physical contact between his body and the offending vehicle. Appellees contend, however, that coverage for medical payments is excluded under subparagraph (*j*) of the exclusions clause applicable to medical payments when the injury is sustained "while occupying an automobile owned by any insured", and they point out that in *Wheeler,* relied upon heavily by appellant for reversal here, the court state:

"The 'Exclusions' section of the policy has no provisions relevant to the issues raised here." (p. 101.)

Thus the crux of this lawsuit is whether exclusionary clause (*j*) and its counterpart in Western Indemnity's policy apply, which in turn depends upon the definition to be given the term "automobile" used therein.

Appellant first points to a Webster's Seventh New Collegiate Dictionary definition describing an automobile as a "4-wheeled automotive vehicle", arguing therefrom that a motorcycle is not embraced within the term "automobile" as used in the policy. Alternately, appellant asserts the exclusionary clauses do not attempt to define automobile and that the clauses in the entire policies are ambiguous so as to render them subject to two constructions—one allowing and the other disallowing coverage—and that strict construction against the insurers allowing recovery must be given.

First of all it must be noted each policy specifically supplies its own definition of the term "automobile" for the purpose of determining medical pay coverage. Repeating, this definition is:

"Under division 2 of coverage C, the word 'automobile' means a land motor vehicle", etc.

Appellees assert that the exclusionary clause and the definition of automobile applicable to medical pay are clear and unambiguous, citing in support *Simpson v. KFB Insurance Co., Inc.*, 209 Kan. 620, 498 P. 2d 71. There we quoted approvingly certain

principles of insurance contract construction as follows: (citations omitted)

"'Unless a contrary intention is shown words used in an insurance contract are to be given a natural and ordinary meaning that they convey to the ordinary mind.

"'". . . An *insurer prepares its own contracts and it is its duty to* make the meaning clear and if it fails to do so, it and not the insured, must suffer. Courts should not be astute to evade, rather than quick to perceive and diligent to apply the meaning of words manifestly intended by the parties; but where a contract is unambiguous it must be enforced according to its terms. Where a contract is not ambiguous, the court may not make another contract for the parties; its function is to enforce the contract as made. . . .'''" (p. 624.)

We further held:

"Although ambiguities in the wording of an insurance contract are to be construed in favor of the insured, such rule has no application to language which is clear in its meaning.

"Where a contract of insurance is unambiguous it must be enforced according to its terms." (Syl. ¶¶ 1 & 2.)

Finally in *Simpson* we indicated that the fact the ultimate coverage in a comprehensive automobile liability insurance policy cannot be stated in a single provision does not of itself render the policy ambiguous (see discussion, pp. 623-624).

In *Western Casualty & Surety Co., v. Budig,* 213 Kan. 517, 516 P. 2d 939, we were concerned with whether liability coverage was furnished an insured while operating a motorcycle as a substitute vehicle. The policy supplied this coverage with respect to the use of the Buick automobile described in the policy and also extended it to another "automobile" temporarily used by the insured as a substitute. This court examined the language in the definition section of the insuring agreement respecting liability coverage and concluded the policy was ambiguous to the extent it had to be construed strictly against the insurer. The ambiguity derived solely from the language used applicable to liability coverage (as distinguished from medical payments). Specifically, the term "motor vehicle" was used in the policy in defining the terms "Described Automobile" and "Two or More Automobiles", concerning which we said:

"The ambiguity in the present policy arises from the use of the generic term 'motor vehicle' to define the word 'automobile'". (p. 519.)

In an automobile liability policy the medical payment coverage is a divisible and separate contract of insurance (13 Couch on Insurance, 2d, § 48:71, p. 564).

Here, with respect to medical pay coverage we have no occasion to look to other policy language for the purpose of determining that which is meant by the word "automobile" as was the case in *Budig;* no ambiguity exists as was true there. The term "automobile" is specifically defined as "a land motor vehicle or trailer not operated on rails or crawler treads". Certain exceptions to this definition are stated but a motorcycle is not one of them. As pointed out in *Budig,*

"Although an automobile in the popular sense does not include a motorcycle, a motorcycle is generally understood to be included in the broad generic term 'motor vehicle' when that term is used to define insurance coverage unless specifically excluded." (p. 519.)

With respect to coverage for medical payments there is simply no ambiguity in the language employed. If medical pay under policy provisions as here were sought by an insured who was injured by being struck by a motorcycle, we would have no difficulty in concluding he was struck by a land motor vehicle so as to provide coverage. The converse must likewise be true for exclusionary purposes.

Everything considered, we believe and hold that a motorcycle is included in the term "automobile" within the meaning of an exclusionary clause of an insurance policy relative to medical payments where the term "automobile" is defined as a land motor vehicle not operated on rails or crawler treads. The trial court did not err in its construction of the policies and the application thereof to the facts presented.

Judgment affirmed.

APPROVED BY THE COURT.

PRAGER, J., not participating.