No. 55,071

FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellee,* v.
ANTON HORINEK and STANLEY SMITH, *Appellants.*

(660 P.2d 1374)

Opinion filed March 26, 1983.

*Ronald S. Shalz,* of Shalz, Taylor & Schiffner, of Colby, argued the cause, and *John D. Gatz,* of the same firm, was with him on the brief for Anton Horinek, appellant.

*H. E. Jones,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause, and *Jeff A. Roth,* of the same firm, and *Whalen & Fairbanks, P.A.,* of Goodland, were with him on the brief for the appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is a declaratory judgment action brought by the plaintiff, Farm Bureau Mutual Insurance Company, Inc. (Farm Bureau), versus the defendants, Anton Horinek and Stanley Smith. The case was submitted to the trial court on motions

for summary judgment. The trial court sustained the plaintiff Farm Bureau's motion for summary judgment and denied the defendant Anton Horinek's motion for summary judgment. The defendant appeals.

The pertinent facts are: On April 13, 1981, Anton Horinek, defendant, was the owner of a 1952 Ford truck which was properly licensed and registered. Defendant Horinek was insured under two policies of insurance written by the plaintiff, Farm Bureau: an automobile liability insurance policy and a Farm-Master Policy. On April 13, 1981, defendant Horinek was operating the 1952 truck hauling dirt from a grain bin construction site on his farm property to his farmyard. The trips necessitated his use of Kansas Highway K-25. Approximately three miles north of Atwood, Kansas, defendant Horinek's farm access road to the grain bin site intersects K-25. While attempting to execute a right-hand turn onto his farm property, defendant Horinek was involved in a motor vehicle accident with the defendant, Stanley Smith. Defendant Smith instituted an action against the defendant Horinek in the United States District Court for the District of Kansas for personal injuries received in the accident.

Horinek claimed that plaintiff, Farm Bureau, afforded liability coverage under both the automobile liability insurance policy and the Farm-Master Policy. Farm Bureau denied coverage under the Farm-Master Policy, acknowledged coverage under the motor vehicle liability policy and is supplying a defense to defendant Horinek under the terms of the motor vehicle policy. Farm Bureau filed the present declaratory judgment action to determine whether or not the Farm-Master Policy afforded liability coverage to the defendant Horinek.

The Farm-Master Policy is a combination property and liability policy divided into two major sections. "Section I" of this policy consists of seven (7) pages, and covers losses peculiar to farm structures and operations. Covered under Section I are: dwellings, household and personal effects, farm personal property, outbuildings and livestock. "Section II" covers the farmer's comprehensive liability.

Farm-Master policies are designed to provide protection against risks that are peculiar to farming activities. Certain limitations are contained within the policy to decrease risk in order

to reduce premium cost. Farm Bureau claims injuries or property damage arising from the maintenance, operation or use of a motor vehicle on the public highway is one of the exclusions of this policy.

The construction and effect of insurance contracts are questions of law to be determined by the court. None of the facts are disputed by the parties. If the facts are admitted, then it is for the court to decide whether they come within the terms of the policy, and the function of the appellate court is the same as the trial court. *Scott v. Keever,* 212 Kan. 719, 721, 512 P.2d 346 (1973). Each of the questions raised by defendant Horinek in his appeal deal with the exclusions contained in Section II, "Coverage K - Medical Payments - Other Than Named Insured and Family and Employees" Exclusions (5)(b).

## "SECTION II
## FARMERS COMPREHENSIVE LIABILITY
**COVERAGE G - LIABILITY**
"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of

Bodily Injury or

Property Damage

to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend suits against the Insured seeking damages on account of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. This Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of this Company's liability has been exhausted by payment of judgments or settlements.

**"COVERAGE K - MEDICAL PAYMENTS -**
**OTHER THAN NAMED INSURED AND**
**FAMILY AND EMPLOYEES**
"To pay all reasonable medical expenses for treatment rendered within one year from the date of the accident, to or for each person who sustains bodily injury caused by an accident to which this insurance applies, while such person is:

"1. On an insured premises with the permission of any Insured; or

"2. Elsewhere, if such bodily injury:

    a. arises out of a condition in the insured premises or the ways immediately adjoining.

    b. is caused by the activities of any Insured, or by a resident employee or farm employee in the course of his employment by any Insured.

    c. is caused by an animal owned by or in the care of any Insured.

**"EXCLUSIONS**
UNDER COVERAGE G LIABILITY AND COVERAGE K MEDICAL PAYMENTS - OTHER THAN NAMED INSURED AND FAMILY AND EMPLOYEES, THIS POLICY DOES NOT APPLY TO:

" 1. Any business pursuit of any Insured except activities therein which are ordinarily incident to non-business pursuits or farming;

" 2. The rendering of or failing to render professional services;

" 3. Loss arising out of any premises, other than an insured premises, owned, rented or controlled by any Insured;

" 4. The handling or use of or the existence of any condition in goods, products, or containers thereof manufactured, produced, sold, handled or distributed by an Insured, if the occurrence takes place after the Insured has relinquished possession thereof to others and away from the insured premises or work completed by or for the Insured out of which the accident arises;

" 5. The maintenance, operation, use, loading or unloading of, or instructions for use of:

    a. aircraft owned, borrowed, or hired by an Insured, including damage to property arising out of any substance released or discharged from any aircraft;

    b. any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (b) does not apply to bodily injury or property damage occurring on the insured premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the insured premises or kept in dead storage on the residence premises;

    c. any recreational motor vehicle owned by any Insured if the bodily injury or property damage occurs away from the insured premises; but this subdivision (c) does not apply to golf carts while used for golfing purposes;

    d. watercraft exceeding twenty-six feet in over-all length or if with inboard motor power exceeding fifty horsepower;

    e. motor vehicles, trailers or semi-trailers towed by motor vehicles while away from the premises or the ways immediately adjoining;

" 6. Liability assumed by the Insured under any contract or agreement, but this exclusion shall not apply to liability assumed by the Insured under any written contract relating to the business of farming;

" 7. Loss which is expected or intended by an Insured;

" 8. Bodily injury to or sickness, disease or death of any employee of an Insured, if benefits therefore are either payable or required to be provided under any workmen's compensation law;

" 9. Damages because of injury to or destruction of property owned, used, or in the care, custody, or control of an Insured;

"10. Custom farming operations, in excess of $1000 gross receipts in any one policy year unless specified in the Declarations;

"11. The operation of any motor vehicle, recreational motor vehicle, or watercraft while being operated in any prearranged race or competitive speed test, or while hired or chartered or used as a public livery conveyance;

"12. Loss or damage sustained by an independent contractor or employee thereof;

"13. Any liability for punitive damage;

"14. Any Insured as defined under the definition of Insured.
"UNDER COVERAGE K MEDICAL PAYMENTS - OTHER THAN NAMED INSURED AND FAMILY AND EMPLOYEES, THIS POLICY SHALL NOT APPLY TO BODILY INJURY TO:

"1. Any person regularly residing on any part of the insured premises; or
"2. Any person while on the insured premises because a business is conducted or professional services are rendered thereon."

The first contention raised is whether the exclusion heading in Section II excludes defendant Horinek from coverage. The section states:

"EXCLUSIONS
Under Coverage G liability and Coverage K medical payments — other than named insured and family and employees, this policy does not apply to . . . ."

Following are listed fourteen (14) exclusions of coverage under the contract. The heading Exclusions is directed to Coverage G and K. Coverage G and K are set out by completely stating the letter designation and title; therefore it should be read:

EXCLUSIONS
Under Coverage G [Liability] and Coverage K [Medical payments — Other than named insured and family and employees], this policy does not apply to . . . .

"Coverage G" extends coverage to the insured for all sums the insured might become legally obligated to pay because of bodily injury or property damage. "Coverage K" covers payment of medical expenses of third persons. Both "Coverage G and K" are subject to the fourteen (14) exclusions set forth in the contract.

Exclusion 14 specifically excludes "any Insured as defined under the definition of Insured." The policy defines insured as:

"The unqualified word 'Insured' includes the (1) Named Insured and (2) if residents of his household, his spouse, and relatives of either, and any other person under twenty-one years of age in the care of the Named Insured or spouse, and wherever used in Liability, includes, with respect to animals and watercraft owned by the Named Insured, any person or organization legally responsible therefor."

Defendant Horinek could obtain medical coverage under Coverage L, "Optional Coverage - Coverage L - Medical Payments - Named Insured and Family." The policy distinguishes between coverage for the insured and his family and those "other than named insured."

An insurance policy should be construed to give effect to the

intention of the parties. The test applied in determining that intention is not what the insured intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean. *Wheeler v. Employer's Mutual Casualty Co.*, 211 Kan. 100, 104, 505 P.2d 768 (1973). The terms of an insurance contract, as in the case of any written contract, must be considered as a whole. *Bramlett v. State Farm Mutual Ins. Co.*, 205 Kan. 128, 468 P.2d 157 (1970). The exclusions clearly apply to the defendant Horinek under "Coverage G and Coverage K."

The next contention is that the exclusion heading is ambiguous. Language in an insurance contract is ambiguous if the words used to express the meaning and intention of the parties are insufficient in a sense that the contract may be understood to reach two or more possible meanings. *Wood v. Hatcher*, 199 Kan. 238, 428 P.2d 799 (1967); *Mays v. Middle Iowa Realty Corp.*, 202 Kan. 712, 452 P.2d 279 (1969). In construing a written instrument, reasonable rather than unreasonable interpretations are favored by law. Results which vitiate the purpose or reduce the terms of the contract should be avoided. *Weiner v. Wilshire Oil Co.*, 192 Kan. 490, 496, 389 P.2d 803 (1964). Ambiguity is not to be derived from or created by the fragmentation of an insurance contract. The terms of an insurance contract, as in the case of any written contract, must be considered as a whole. *Scott v. Keever*, 212 Kan. at 723. The policy provisions which bear upon the issue are concisely and clearly expressed and not ambiguous.

Defendant Horinek's third contention is that if the particular exclusion relied on by Farm Bureau only excludes coverage to the insured's property or property over which he has some right to control, then damage to defendant Smith's property is covered, since Smith's property is not the insured's property and the insured has no right to control. Clearly there is comprehensive liability coverage contained in Section II, Coverage G - Liability. Coverage is stated:

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of

Bodily Injury or

Property Damage

to which this insurance applies, caused by an occurrence."

The liability coverage is limited by the exclusion for liability stated in the policy:

"5. The maintenance, operation, use, loading or unloading of, or instructions for use of:

. . . .

"b. any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (b) does not apply to bodily injury or property damage occurring on the insured premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the insured premises or kept in dead storage on the residence premises."

Defendant Horinek was operating a registered, licensed 1952 Ford truck, which he owned. The accident occurred during Horinek's operation of the truck on Highway K-25. This is the method of operation that is specifically excluded under the Farm-Master Policy. Here Farm Bureau clearly limited the coverage; neither defendants Horinek nor Smith were covered under the contract.

The final contention is the Farm-Master Policy is void for being in violation of the Kansas Automobile Injury Reparations Act, K.S.A. 40-3101 *et seq.* The material portions of the Act in K.S.A. 40-3107(*a*) and (*b*) are:

"Every policy of motor vehicle liability insurance issued by an insurer to an owner residing in this state shall:

"(*a*) Designate by explicit description or by appropriate reference of all vehicles with respect to which coverage is thereby to be granted;

"(*b*) insure the person named therein and any other person, as insured, using any such vehicle with the expressed or implied consent of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of any such vehicle within the United States of America or the Dominion of Canada, subject to the limits stated in such policy."

K.S.A. 40-3103(*m*) defines motor vehicles:

"'Motor vehicle' means every self-propelled vehicle of a kind required to be registered in this state, including any trailer, semitrailer or pole trailer designed for use with such vehicle, but such term shall not include a motorized bicycle."

K.S.A. 40-3105 provides for certain exemptions from the Kansas Automobile Injury Reparations Act:

"The following vehicles shall be exempt from the provisions of this act:

"(*a*) Any motor vehicle owned by the government of the United States, any state or any political subdivision of any state;

"(*b*) an implement of husbandry or special mobile equipment which is operated only incidentally on a highway or property open to use by the public;

"(c) a vehicle operated on a highway only for the purpose of crossing such highway from one property to another; and

"(d) a non-highway vehicle for which a non-highway certificate of title has been issued pursuant to K.S.A. 1976 Supp. 8-198, except when such vehicle is being operated pursuant to subsection (f) of K.S.A. 1976 Supp. 8-198."

Exclusion (5)(b) of the Farm-Master Policy excludes coverage of motor vehicles unless the vehicle is not subject to motor vehicle registration, and the vehicle is used exclusively on the insured premises or kept in dead storage on the residence premises. The Farm-Master Policy is not a motor vehicle liability insurance policy within K.S.A. 40-3107 and is not in violation of the Act.

Judgment is affirmed.