(967 P.2d 344)

No. 78,554

DOROTHY BURT, *Appellant,* v. GERHARD SCHRUBBA, *Defendant,* CONTINENTAL INSURANCE COMPANY, a/k/a CONTINENTAL CASUALTY COMPANY, *Garnishee/Appellee,* and ALAMO RENT-A-CAR, INC., *Garnishee.*

Opinion filed November 6, 1998.

*Joel W. Riggs,* of McMaster & McMaster, of Wichita, for appellant.

*Carol B. Bonebrake* and *Susan L. Mauch,* of Cosgrove, Webb & Oman, of Topeka, for appellee.

Before KNUDSON, P.J., GREEN, J., and DANIEL A. DUNCAN, District Judge, assigned.

GREEN, J.: Dorothy Burt appeals from a judgment of the trial court denying her partial summary judgment motion against garnishees Continental Insurance Company (Continental) and its insured, Alamo Rent-A-Car, Inc. (Alamo). Burt maintains that Continental was required to pay not only the statutory minimum liability coverage of $25,000 but also the amount of her judgment in excess of the minimum liability coverage. Burt contends that the trial court erred in determining that Alamo's self-insurance certificate required it to pay, instead of Continental, the minimum coverage of $25,000 and in granting summary judgment in favor of Continental. We disagree and affirm.

Burt sued Gerhard Schrubba, a German national; Alamo; and her own insurer, General Casualty Company of Wisconsin (General Casualty), claiming that Schrubba negligently injured her with a car he had rented from Alamo. Schrubba rented the car in Colorado and was driving it in Great Bend, Kansas, when the accident occurred. Burt later dismissed her suit against Alamo and General Casualty, maintaining only her suit against Schrubba. In July 1995, Schrubba confessed judgment in the amount of $100,000. Schrubba and Burt entered into an agreement by which Burt promised not to execute on the personal assets of Schrubba, and Schrubba assigned to Burt any rights he had against Continental. Later, Burt garnished both Continental and Alamo.

Burt argues that the trial court improperly granted summary judgment in favor of Continental. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mitzner v. State Dept. of SRS*, 257 Kan. 258, 260, 891 P.2d 435 (1995). Whether the trial court erred in granting Continental summary judgment depends upon the construction given the language of the policy. Our Supreme Court has frequently observed that " '[a]s a general rule, the construction and effect of a contract of insurance is a matter of law to be determined by the court. If the facts are admitted, then it is for the court to decide whether they come

within the terms of the policy.' *Farm Bureau Mut. Ins. Co. v. Horinek*, 233 Kan. 175, Syl. ¶ 1, 660 P.2d 1374 (1983)." *Harris v. Richards*, 254 Kan. 549, 552, 867 P.2d 325 (1994). Here, the facts are essentially undisputed.

*Alamo's Rental Agreement*

Under the rental agreement, Alamo agreed to furnish Schrubba with minimum liability coverage required by the state where the accident occurred. The rental agreement stated:

"Liability insurance: You [Alamo] provide me [Schrubba] with liability insurance or protection that will cover bodily injury, death, or property damage only up to the minimum financial responsibility required by State law. I [Schrubba] agree that any amounts over this minimum will be covered by me or by my liability policy and I will indemnify you for any losses that exceed the minimum limits. I can see a copy of your policy or self-insurance certificate at your rental office."

*Alamo's Self-Insurance Certificate*

When Schrubba rented the Colorado-licensed car, Alamo had qualified for and received a certificate of self-insurance under the Colorado Motor Vehicle Financial Responsibility Law. The self-insurance certificate indicates Alamo is self-insured for up to $25,000 for bodily injury or death resulting from an automobile accident involving an Alamo vehicle.

*Continental's Policy*

Alamo also carried a Continental insurance policy. The Continental policy provided coverage as follows: "[Continental] will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" An endorsement to the policy further stated that liability coverage for leased automobiles was subject to the following provision: "The insurance provided by this endorsement is excess over any other collectible insurance, whether primary, excess or contingent, unless such insurance is specifically written to apply in excess of this policy."

Because Alamo's rental agreement provided Schrubba protection up to the minimum amount required by the state in which

Schrubba had an accident, the trial court concluded that the Continental policy furnished only excess coverage for the car accident in question. The trial court further concluded that Alamo was self-insured up to $25,000 and that Continental would provide coverage only if an accident occurred in a state where the minimum financial responsibility exceeded $25,000. However, because the minimum financial responsibility in Kansas is $25,000 under K.S.A. 40-3107(e), the trial court concluded that the Continental policy did not provide coverage for the accident.

Burt, however, argues that the Colorado self-insurance certificate does not cover the Kansas accident because K.S.A. 40-3106(b) of the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, requires a nonresident self-insurer to certify its compliance by filing a form with the Kansas Insurance Department. Although Alamo did not file the K.S.A. 40-3106(b) form, the trial court determined that K.S.A. 40-3106(b) did not mandate this action but instead made it permissive. "Interpretation of a statute is a question of law, and this court's review is unlimited. [Citation omitted.]" *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). K.S.A. 40-3106(b) states:

"Every insurance company authorized to transact the business of motor vehicle liability insurance in this state shall file with the commissioner as a condition of its continued transaction of such business within this state a form approved by the commissioner declaring that its motor vehicle liability policies, wherever issued, shall be deemed to provide the insurance required by K.S.A. 40-3107, and amendments thereto, when the vehicle is operated in this state. Any nonadmitted insurer may file such a form. *A qualified self-insurer, approved by an agency of the state in which the vehicles are registered, may certify its compliance with K.S.A. 40-3107, and amendments thereto, on a form prescribed by the commissioner.*" (Emphasis added.)

Because subsection (b) does not make it mandatory that a nonresident self-insurer must certify its compliance by filing a form with the Kansas Insurance Department, Burt's argument fails.

Next, relying on *Overbaugh v. Strange*, 254 Kan. 605, 867 P.2d 1016 (1993), Burt maintains incorrectly that self-insurance certificates only insure self-insurers, like Alamo, and not permissive car users, like Schrubba. As a result, Burt argues that Continental's

policy furnished the only insurance coverage for lessees of Alamo's cars. We disagree. *Overbaugh* involved a nonresident self-insured employer whose employee was involved in an accident while driving a covered car. The *Overbaugh* court pointed out that because the employer opted to become a self-insurer, the employer was representing that it would pay any damages caused by one of its employees while driving a covered car. As a result, the *Overbaugh* court reasoned that the employer was subject to the requirements of K.S.A. 40-3107.

Likewise, when Alamo opted to become a self-insurer, Alamo obligated itself to pay damages caused by Schrubba while operating Alamo's rental car. Furthermore, in interpreting K.S.A. 1992 Supp. 40-3103(u), K.S.A. 40-3106, and K.S.A. 40-3107(b), the *Overbaugh* court stated that these statutes require nonresident self-insurers to cover not only themselves, but also " 'any other person . . . using any such vehicle with the expressed or implied consent' of the self-insurer against 'liability imposed by law for damages.' " 254 Kan. at 616-17. From the above analysis, we determine that Alamo was subject to K.S.A. 40-3107 and that K.S.A. 40-3107(e) imposed a duty on Alamo to pay the statutory minimum liability coverage of $25,000.

Burt also argues that the Colorado self-insurance certificate is void because it does not "contain stated limits of liability, exclusive of interest and costs" and personal injury protection benefits as required by KAIRA under K.S.A. 40-3107(e) and (f). Nevertheless, regardless of whether the Colorado self-insurance certificate omits certain mandatory requirements of the KAIRA, K.S.A. 40-3107(g) requires that the certificate shall "be construed to obligate the insurer to meet all the *mandatory* requirements and obligations of this act." (Emphasis added.) As a result, the trial court properly determined that Alamo was self-insured up to $25,000 in this case.

Finally, Burt argues Continental should be estopped from denying coverage because Continental admitted it provided for the $25,000 minimum liability coverage before the garnishment proceedings. Burt points to a letter from a claims adjuster and an answer to an interrogatory as proof of her point. The documents alone do not prove Burt's allegation. Moreover, Continental argues

Burt failed to raise this issue before the trial court and, therefore, is prohibited from raising it on appeal. However, a review of Burt's motion for partial summary judgment reveals that Burt did raise this issue. Included in the record is a journal entry reflecting the trial court's decision denying Burt's motion. The journal entry simply reads "overruled for reasons set forth on the record." Nevertheless, because the portion of the record referred to is not included in the record on appeal, this court cannot review this issue. An appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *McCubbin v. Walker*, 256 Kan. 276, 295, 886 P.2d 790 (1994).

In any event,

"[a] party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) induced the first party to believe certain facts existed. There must also be a showing the first party rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts. There can be no equitable estoppel if any essential element thereof is lacking or is not satisfactorily proved." *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 383, 855 P.2d 929 (1993).

Here, Burt has failed to show how she would be harmed by Alamo paying the minimum liability coverage of $25,000 instead of Continental paying this amount. As a result, Burt's argument fails.

Affirmed.