62

JIROUSEK, APPELLEE, *v.* THE PRUDENTIAL INS. CO. OF AMERICA, APPELLANT.

(No. 70-169—Decided June 30, 1971.)

*Messrs. McCafferty, Perelman & Holtz* and *Mr. A. Albert Perelman,* for appellee.

*Messrs. Johnson & Umstead, Mr. George J. Umstead* and *Mr. John A. Salmon,* for appellant.

SCHNEIDER, J. The sole question involved in this appeal is whether the insured, who admittedly died of injuries received in an accident while operating his motorcycle, can qualify under either conditions (a) or (b) of the supplemental "Non-Occupational Vehicle Accident" provision. The opinion of this court is that he cannot.

In the trial court, the claim was made by plaintiff that the decedent's motorcycle should be classified as a vehicle included in the language ". . . private automobile of pleasure car design. . . ."

In both brief and oral argument, plaintiff has attempted to establish that the word "automobile" should be understood to include motorcycle. While we agree with plaintiff's hypothesis that an automobile is a motor vehicle and that a motorcycle is a motor vehicle, we cannot accept his conclusion that this renders the words "automobile"

and "motorcycle" synonymous, or that the term "automobile" includes a motorcycle. Each word has its own meaning in every day usage, and the purchaser of insurance, as well as the scrivener of the provision, would understand the limited aspects of both "automobile" and "motorcycle," and the broader meaning of "motor vehicle."

Insured was, therefore, *not* operating a vehicle of the type required to allow recovery under condition (a) of the supplemental coverage. If there is coverage, then it must fall within condition (b), which requires that the accident occur (1) "as a result of being struck by a motor vehicle," and (2) "while not himself or herself driving or riding in a motor vehicle."

In the present situation, the insured was admittedly operating his motorcycle at the time of the accident. Eliminating alternatives, the controlling phrase applicable to the facts, "while not himself . . . driving . . . a motor vehicle," would preclude recovery under condition (b).

Plaintiff claims the wording is ambiguous because an alternative "or riding in" appears as part of the condition. He suggests that such wording requires that a driver or rider be "in" the motor vehicle, whereas a person drives or rides a motorcycle while "on" the vehicle; and he further points out that a strong implication therefore exists that motor bikes, motor scooters, or motorcycles were not intended to come within the meaning of "motor vehicle" as used in this condition.

We reject this contention because the term "motor vehicle" has a normal meaning in common usage which includes motorcycle. R. C. 4511.01(C) also defines a motorcycle as a motor vehicle. It is established that this court will not change the meaning of accepted words when their normal meaning is directly applicable to the facts under consideration.

Our position is in accord with our holding in *Olmstead* v. *Lumbermen Mutl. Ins. Co.* (1970), 22 Ohio St. 2d 212, where, on page 216, we stated, ". . . When words used in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to con-

struction unless the plain meaning would lead to an absurd result.''

In *Garlick* v. *McFarland* (1953), 159 Ohio St. 539, at page 545, we likewise stated that ''the rule is well established that words used in a contract of insurance are to be given their natural and usual meaning unless otherwise defined in the contract.''

In *First National Bank* v. *Houtzer* (1917), 96 Ohio St. 404, this court stated:

''The parties . . . are presumed to have intended to contract in the manner and form in which they did contract. They are presumed to have intended to have given to the language of the contract the ordinary and usual meaning given to such language.

''True, this is a suretyship contract, and the rule has been well established for many years that such shall be strictly construed in favor of the surety. *But that does not warrant a court in reading into a contract something that is not there by act of the parties, whether that something be a word, phrase or clause, varying the terms of the contract, or in reading into the contract doubt and ambiguity where the meaning is perfectly clear.''* (Emphasis supplied.)

See, also, *Rose* v. *New York Life Ins. Co.* (1933), 127 Ohio St. 265; and *Fidelity & Casualty Co.* v. *Hartzell Bros.* (1924), 109 Ohio St. 566.

We conclude that where an insured dies as the result of an accident incurred while he is operating a motorcycle, his beneficiary is not entitled to supplemental benefits from an insurer under a contract authorizing such benefits if accidental death is sustained ''(a) while driving or riding in a private automobile of pleasure car design . . . or (b) as a result of being struck by a motor vehicle while not himself . . . driving or riding in a motor vehicle.''

The judgment of the Court of Appeals is reversed and final judgment is entered for defendant.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.