KATANIK, ADMR., APPELLANT, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., APPELLEE.

(No. 44580—Decided October 28, 1982.)

*Mr. Michael Shane,* for appellant.

*Mr. Henry A. Hentemann,* for appellee.

CORRIGAN, J. On May 15, 1977, the deceased, Sharon A. Katanik, was killed while riding as a passenger on a motorcycle. At the time of the accident, the deceased had in force and effect a policy of insurance with appellee, State Farm Mutual Automobile Insurance Company. This policy contained a specific provision for payment of medical expenses to the insured in certain situations (hereinafter the "Med-Pay" portion of the policy). Appellee paid $80,000 pursuant to another provision of the policy, the "Uninsured Motorist" provision, after submitting to arbitration.

On November 15, 1979, appellant, Andrew Katanik, Administrator of the Estate of Sharon Katanik, formally requested payment under the Med-Pay portion of the policy. This request was denied on the basis that the vehicle the deceased was riding, a motorcycle, was not covered under the Med-Pay provision.

Appellant filed suit against appellee on May 22, 1980, alleging breach of contract and seeking medical expenses of $4,184.56, death and funeral benefits of $2,000 and punitive damages in the amount of $10,000,000. The trial court granted appellee's motion for summary judgment on October 7, 1981. This timely appeal followed in which these five errors are assigned for review:

"I. The trial court committed reversible error in granting defendant's motion for summary judgment; the decision of the trial court is contrary to law and against the manifest weight of the evidence.

"II. The trial court committed prejudicial error by holding that the medical payment portion of plaintiff's insurance policy was not available to persons who were riding on motorcycles.

"III. The plaintiff was denied the equal protection of the law by the denial of the medical payment under the Med-Pay coverage of defendant's insurance policy.

"IV. The decision of the lower court was contrary to the manifest weight of the evidence.

"V. The trial court committed prejudicial error by not ruling on plaintiff's claim for punitive damages."

I

Appellant's first, second, and fourth assignments of error can be treated together as all three allege error in the court's holding on the basis of R.C. 3937.18 and the weight of the evidence.

First, appellant maintains that R.C. 3937.18 mandates that appellee's coverage cannot distinguish between an automobile and a motorcycle, and therefore appellee cannot deny payment under the Med-Pay provision on the basis of the deceased's riding a motorcycle. Appellant misconstrues the meaning of R.C. 3937.18 which is entitled "Mandatory offering of uninsured motorist coverage," in Page's Ohio Revised Code Annotated. Clearly, the title of said statute demonstrates that it applies to the uninsured motorist provision of an insurance policy, and appellee fulfilled the statutory mandate when it paid appellant $80,000 pursuant to the uninsured motorist provision in the deceased's policy. The Med-Pay provision, however, is an entirely different matter, not covered by R.C. 3937.18 as appellant urges.

Secondly, appellant contends that the policy is ambiguous and therefore raises a jury question rendering summary judgment inappropriate. We disagree.

The Med-Pay provision of the policy reads in pertinent part:

"COVERAGE C — MEDICAL PAYMENTS

"Division 1. To pay reasonable *medical expenses* incurred for services furnished within one year from the date of

accident to or for the first *person* named in the declarations and, while *residents* of his household, his spouse and any relative of either who sustains *bodily injury,* caused by accident

"(1) while *occupying* the *owned motor vehicle,* or

"(2) through being struck by a *highway vehicle* while not *occupying* a land motor vehicle.

"* * *

"USE OF NON-OWNED AUTOMOBILES

"If the named insured is a *person* or *persons,* and if during the policy period such named insured owns a motor vehicle covered by this policy and classified as 'pleasure and business,' such insurance as is afforded by this policy with respect to the *owned motor vehicle* under:

"* * *

"(2) *coverages C* and M applies to the use of a *non-owned automobile* by the first *person* named in the declarations, or, if *residents* of the same household, his spouse or the relatives of either, provided such *bodily injury* results from its operation or occupancy by such named insured, spouse or relative; * * *" (Emphasis added.)

It is agreed that the deceased was neither (1) occupying the owned motor vehicle nor (2) struck by a highway vehicle while not occupying a land motor vehicle. Thus, we turn to Section 2 under "Use of non-owned automobiles" which allows Coverage C — Medical Payments — to apply to the use of a non-owned *automobile.* "Non-owned automobile" is defined in the definitional section of the policy as "an automobile, trailer or detachable living quarters unit * * *." The key term "automobile" is further defined as follows:

"*Automobile* — means a four wheel land motor vehicle designed for use principally upon public roads, but 'automobile' shall not include a *midget automobile* nor any vehicle while located for use as a residence or premises."

"Motorcycle," quite obviously, is not included within this definition of automobile, and therefore we find that reasonable minds could reach only one conclusion on this issue, that being adverse to appellant. Thus, summary judgment was appropriate in this case.

Thirdly, appellant cites *Jirousek* v. *Prudential Ins. Co.* (1971), 27 Ohio St. 2d 62 [56 O.O.2d 34], for the proposition that the term "motor vehicle" includes motorcycles. This proposition is indeed correct but misplaced in the instant case wherein appellant must show that the term "automobile" includes motorcycles. The Ohio Supreme Court rejected this contention, stating:

"* * * While we agree with plaintiff's hypothesis that an automobile is a motor vehicle and that a motorcycle is a motor vehicle, we cannot accept his conclusion that this renders the words 'automobile' and 'motorcycle' synonymous, or that the term 'automobile' includes a motorcycle. Each word has its own meaning in every day usage, and the purchaser of insurance, as well as the scrivener of the provision, would understand the limited aspects of both 'automobile' and 'motorcycle,' and the broader meaning of 'motor vehicle.' " *Id.* at 63-64.

We therefore overrule the first, second, and fourth assignments of error.

## II

Next, we will address the third assignment of error in which appellant argues that the deceased was denied equal protection of the laws simply because she was riding a motorcycle.

We feel that this argument is misplaced. Further, we find that Section 2, Article I, of the Ohio Constitution has not in any way been violated. Said constitutional section provides that legislation must apply alike to all persons within a class, and reasonable grounds must exist for making a distinction between those within and those without a class. First of all, we are not dealing with the application

of legislation; and secondly, there is a reasonable ground for distinguishing between persons injured while riding in automobiles and those on motorcycles. The greater danger involved in riding a motorcycle, as sadly demonstrated in the instant case, certainly justifies an insurance company's treating the two classes differently.

We find no merit in the third assignment of error.

### III

Finally, appellant's fifth assignment of error alleges that the court erred in failing to rule on the claim for punitive damages.

Appellant misconstrues the trial court's holding which stated that "since this court has decided that defendant-insurer was proper in refusing medical payments, it [the court] does not have to reach the question of * * * punitive damages." This holding implicitly found that since appellee properly withheld medical payments, punitive damages were not recoverable as they are awarded only where an insurer improperly and in bad faith refuses payment. Since appellee was correct in refusing payment, it impliedly acted in good faith and appellant did not prove the willful, wanton and outrageous conduct alleged.

The fifth assignment of error is overruled.

Accordingly, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

DAY, P.J., and NAHRA, J., concur.