REESE, Appellant,

v.

INDIANA INSURANCE COMPANY, Appellee.

[Cite as *Reese v. Indiana Ins. Co.* (1996), 114 Ohio App.3d 37.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–96–23.

Decided Sept. 10, 1996.

---

*Timothy A. Shimko & Associates* and *Timothy A. Shimko,* for appellant.

*Green & Green* and *Thomas M. Green,* for appellee.

---

EVANS, Judge.

This is an appeal by Ronald A. Reese ("appellant") from a judgment of the Court of Common Pleas of Allen County granting a motion for summary judgment filed by Indiana Insurance Company ("appellee"). This case was originally assigned to the accelerated docket; however, because of the issues raised herein, we elect to issue the following opinion pursuant to Loc.App.R. 12(5).

Appellant had initially filed a complaint for declaratory judgment against appellee on March 15, 1995, seeking enforcement of an uninsured/underinsured motorist ("UIM") coverage provision pursuant to an automobile insurance policy issued by appellee. Appellee filed an answer on April 19, 1995. On December 20, 1995, appellant filed a motion for summary judgment. Appellee responded by filing a memorandum in opposition as well as its own motion for summary judgment on March 15, 1996. On April 2, 1996, the trial court granted summary judgment in favor of appellee.

Appellant now appeals the trial court's decision, asserting the following sole assignment of error:

"The trial court erred when it denied Plaintiff's motion for summary judgment and instead granted Defendant's motion for summary judgment as Plaintiff was entitled to underinsurance coverage pursuant to the policy issued by Indiana Insurance Company."

The facts relating to this case are as follows. Appellant was an employee of Chrysler Corporation and a resident of Michigan. By virtue of his employment, he purchased vehicles from Chrysler at a discount for his brother, Richard Reese, a resident of Ohio. To take advantage of the discount plan, it was necessary that the vehicles remain titled in appellant's name although Richard Reese paid for, insured, and used the vehicles in Ohio.

In an effort to protect himself, as title owner, from liability in the case of an accident involving the cars in Ohio, appellant's name was included on the full coverage insurance policy that Richard Reese had purchased from appellee. Richard Reese was listed as the named insured and appellant was listed as an

"additional insured." As an additional insured, appellant was expressly provided liability insurance subject to the following additional provisions:

"1. You are constituted the agent for the additional insured and any notice of cancellation given to or received from you by us respecting the cancellation of this policy or the cancellation of the insurance of the additional insured shall be conclusive and binding upon the additional insured.

"2. Any return premium payable by us shall be paid to you.

"3. The insurance extended by this endorsement shall apply only to the vehicle shown in the Declarations of the policy.

"4. The designation of the additional insured shall not operate to increase our limits of liability."

No other provision in the policy specifically addresses the rights of an "additional insured," nor does the term appear in the policy's definition section. Appellee contends that appellant, as an additional insured, qualifies only for the benefits stated in its policy, and that its obligation to appellant extends only to insure appellant for liability coverage and not UIM protection. On the contrary, appellant argues that as a named additional insured with liability insurance under the policy, he is also provided UIM coverage by operation of law.

In Ohio, a policy of insurance providing liability coverage to an insured must also include UIM coverage in equal amounts unless UIM coverage is rejected by the named insured. R.C. 3937.18 states:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided *to persons insured* under the policy for loss due to bodily injury or death suffered by such persons:

"(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage * * *.

"(B) Coverages offered under division (A) of this section shall be written for the same limits of liability. * * *

"(C) The named insured may only reject or accept the coverages offered under division (A) of this section. * * * " (Emphasis added.)

We find that in the absence of a clear definition to the contrary, the policy term of "additional insured" should be given its "plain and ordinary meaning, of any person who is an insured under the policy in addition to the named insured." *House v. State Auto. Mut. Ins. Co.* (1988), 44 Ohio App.3d 12, 15, 540 N.E.2d 738, 741; see *Jirousek v. Prudential Ins. Co.* (1971), 27 Ohio St.2d 62, 64–65, 56 O.O.2d 34, 35–36, 271 N.E.2d 866, 868–869. When terms used in a policy have a plain and ordinary meaning, it is neither necessary nor permissible to construe a different meaning. *Olmstead v. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 51 O.O.2d 285, 259 N.E.2d 123.

We find nothing within the policy to distinguish additional named insureds from named insureds. Like the named insured, appellant's name and address are specifically identified in the policy and both appellant and the named insured are issued liability coverage. According to R.C. 3937.18(A), such a policy for liability coverage cannot be issued without the accompanying UIM protection. Although the policy in this case attempted to limit coverage of additional named insureds to liability protection, this can be done only by obtaining a waiver of UIM coverage by the named insured. R.C. 3937.18(C); *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429. Therefore, we find that the trial court erred in granting appellee's motion for summary judgment. We sustain appellant's assignment of error.

Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings.

*Judgment reversed and*
*cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.