OPINION *Page 2 
{¶ 1} On April 10, 2004, Dean A. Siciliano purchased a motorcycle. On April 16, 2004, Mr. Siciliano was riding his motorcycle when he was involved in a motor vehicle accident caused by the negligence of Adelbert Winegardner, Jr. As a result, Mr. Siciliano died from his injuries on May 5, 2004.
 {¶ 2} At the time of the accident, Mr. Winegardner was insured under an automobile liability policy issued by Safe Auto Insurance Company, with limits of $12,500 per person/$25,000 per occurrence. Mr. Siciliano was insured under an automobile liability policy issued by appellant, National Mutual Insurance Company, with uninsured/underinsured motorist coverage of $100,000 per person/$300,000 per occurrence. Two vehicles were listed as covered vehicles under the policy, a Dodge Caravan and a Pontiac Firebird. Appellant denied any coverage under the policy because the motorcycle Mr. Siciliano was operating at the time of the accident was not listed as a covered vehicle under the policy.
 {¶ 3} On August 1, 2005, appellee, Donna Siciliano, Individually and as Administrator of the Estate of Dean A. Siciliano, Deceased, filed a complaint for wrongful death against Mr. Winegardner, and a declaratory judgment action against appellant, seeking a determination that appellee was entitled to uninsured/underinsured motorist coverage under appellant's policy. Both appellant and appellee filed motions for summary judgment. By memorandum of decision filed September 15, 2006, the trial court granted summary judgment to appellee, finding that although the motorcycle was not listed as a covered vehicle under the policy, it could be considered a "newly acquired auto" under the terms of the policy. The trial court also found that even if the *Page 3 
motorcycle was not a covered vehicle, appellee would still be entitled to uninsured/underinsured motorist coverage under the terms of the policy. By judgment entry filed September 27, 2006, the trial court awarded appellee as against appellant $87,500.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFFS (SIC) MOTION FOR SUMMARY JUDGMENT AND IN DENYING DEFENDANTS (SIC) MOTION FOR SUMMARY JUDGMENT ON ITS COMPLAINT FOR DECLARATORY JUDGMENT."
 I {¶ 6} Appellant claims the trial court erred in granting summary judgment to appellee. We agree.
 {¶ 7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 8} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, *Page 4 
citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 9} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} In its memorandum of decision filed September 15, 2006, the trial court found the motorcycle operated by Mr. Siciliano was a "newly acquired auto." We disagree with this analysis for the following reasons.
 {¶ 11} At the time of the accident, Mr. Siciliano was operating a motorcycle that the parties can agree was not listed as a covered vehicle under the policy. Appellant looked to its policy restrictions to find that because Mr. Siciliano was operating a motorcycle at the time of the accident, he was excluded from uninsured/underinsured motorist coverage. The Uninsured Motorist Coverage of the Personal Auto Policy, No. 4792673-0, contains an "other owned auto" exclusion that states the following:
 {¶ 12} "EXCLUSIONS
 {¶ 13} "A. We do not provide Uninsured Motorists Coverage for `bodily injury' sustained:
 {¶ 14} "1. By an `insured' while `occupying', or when struck by, any motor vehicle owned by that `insured' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle." *Page 5 
 {¶ 15} Appellee argues the motorcycle should be classified as a "newly acquired automobile" under the terms of the policy and therefore a covered vehicle under the policy. The Personal Auto Policy defines "newly acquired auto" as follows:
 {¶ 16} "K. `Newly acquired auto':
 {¶ 17} "1. `Newly acquired auto' means any of the following types of vehicles you become the owner of during the policy period:
 {¶ 18} "a. A private passenger auto; or
 {¶ 19} "b. A pickup or van, for which no other insurance policy provides coverage, that:
 {¶ 20} "* * *
 {¶ 21} "2. Coverage for a `newly acquired auto' is provided as described below. If you ask us to insure a `newly acquired auto' after a specified time period described below has elapsed, any coverage we provide for a `newly acquired auto' will begin at the time you request the coverage.
 {¶ 22} "a. For any coverage provided in this policy except for Coverage For Damage To Your Auto, a `newly acquired auto' will have the broadest coverage we now provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for this coverage to apply to a `newly acquired auto' which is in the Declarations, you must ask us to insure it within 14 days after you become the owner.* * *"
 {¶ 23} We must determine whether a motorcycle can be considered a "private passenger auto" for purposes of coverage. The term "private passenger auto" is not defined in the insurance policy. When a word is undefined, we examine the common *Page 6 
meaning of the word and Ohio case law involving the language at issue.Shear v. West Am. Ins. Co. (1984), 11 Ohio St.3d 162. As this court noted in Durant v. Buckeye Union Ins. Co., Holmes App. No. 05CA006,2006-Ohio-2866, ¶ 41, quoting Nationwide Mutual Fire Insurance Companyv. Guman Brothers Farm, et al. (1995), 73 Ohio St.3d 107, 108, " `[t]he mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous.' "."Common words appearing in a written instrument will be given their plain and ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph two of the syllabus.
 {¶ 24} It is well-settled that a motorcycle is a motor vehicle.Jirousek v. Prudential Insurance Co. (1971), 27 Ohio St.2d 62, 63;Horsely v. United Ohio Insurance Co. (1991), 58 Ohio St.3d 44. The trial court relied upon Horsely to find that a motorcycle was a motor vehicle under R.C. 3937.18 and therefore a "private passenger auto." However, we find Horsely interpreted a prior version of R.C. 3937.18. The term "private passenger auto" comes from the terms of the policy sub judice and therefore R.C. 3937.18 is inapplicable to this portion of the policy.
 {¶ 25} Likewise, we find appellee's reliance on Roy v. State FarmMutual Automobile Insurance Co. (1982), 8 Ohio App.3d 368, to also be misplaced. The Roy court found the following at syllabus:
 {¶ 26} "Where the language contained in the uninsured motorist provision of a policy of insurance defining `non-owned automobile' does not unambiguously exclude a *Page 7 
motorcycle from coverage, such provision will be found to include a motorcycle as an `insured automobile' within the meaning of the policy."
 {¶ 27} The Roy court interpreted the policy as such because it was attempting to meet the goals of a prior version of R.C. 3937.18: the important public policy interests of uninsured/underinsured motorist coverage and to serve that purpose, the mandatory offering of uninsured/underinsured motorist coverage. Today, under the current version of R.C. 3937.18, insurers are not required to offer uninsured/underinsured motorist coverage. And again in our case, the policy term to be defined does not come from the uninsured/underinsured motorist coverage portion of the policy.
 {¶ 28} Pursuant to Jirousek, we find a motorcycle is a motor vehicle and an automobile is a motor vehicle, but an automobile is not a motorcycle. "Each word has its own meaning in every day usage, and the purchaser of insurance, as well as the scrivener of the provision, would understand the limited aspects of both `automobile' and `motorcycle,' and the broader meaning of `motor vehicle.' " Jirousek, at 64.
 {¶ 29} Because we find a motorcycle is not a "private passenger auto," the motorcycle is not a "newly acquired auto." Therefore, at the time of the accident, Mr. Siciliano was operating a vehicle that he owned, but was not a covered vehicle under the terms of his automobile liability policy.
 {¶ 30} As presented to the trial court, appellee also argued that even if the motorcycle was not a covered auto at the time of the accident, the language of the uninsured/underinsured motorist coverage of the policy provided coverage. We disagree with this argument. The statutory law in effect on the date that an automobile insurance policy is entered into is the law to be applied. Ross v. Farmers Insurance *Page 8 Group of Companies (1998), 82 Ohio St.3d 281; Wolfe v. Wolfe,88 Ohio St.3d 246, 2000-Ohio-322. The policy sub judice was issued for the period beginning March 31, 2004. R.C. 3937.18, as amended by S.B. No. 97, effective October 31, 2001, is the applicable law.
 {¶ 31} Under R.C. 3937.18(I), parties are permitted to include specific preclusions in uninsured/underinsured motorist coverage. Subsection (1) states the following:
 {¶ 32} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
 {¶ 33} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided."
 {¶ 34} As cited supra, we find the specific and unambiguous language of the uninsured/underinsured motorist coverage in the policy sub judice excluded injuries suffered by the insured while operating a vehicle not listed as a covered vehicle under *Page 9 
the policy. Therefore, uninsured/underinsured motorist coverage is not available to appellee.
 {¶ 35} Upon review, we find the trial court erred in granting summary judgment to appellee.
 {¶ 36} The sole assignment of error is granted.
 {¶ 37} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed.
Farmer, P.J. Wise, J. concurs. Delaney, J. dissents.