[Cite as *State v. Todd*, 2011-Ohio-5800.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | |
| STEPHEN M. TODD | : | Case No. 2011CA00020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal
                             Court, Case No. 2010CRB02826


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            November 7, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KATIE ERCHICK                         GEORGE URBAN
218 Cleveland Avenue, SW              116 Cleveland Avenue, NW
P.O. Box 24218                        Suite 808
Canton, OH  44701-4218               Canton, OH  44702

*Farmer, J.*

{¶ 1} On July 3, 2010, Ohio State Highway Patrol Trooper William Lee stopped appellant, Stephen Todd, for rolling through a stop sign while he was operating his motorcycle. As Trooper Lee approached appellant, he observed a firearm in a holster on his person. As a result, appellant was charged with improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(C).

{¶ 2} On December 21, 2010, appellant filed a motion to dismiss, arguing the complaint failed to allege any violation of the law because he was "on" a motorcycle, not "in" a motor vehicle. By judgment entry filed December 23, 2010, the trial court denied the motion.

{¶ 3} A jury trial commenced on December 29, 2010. Appellant made motions for acquittal pursuant to Crim.R. 29, using the same arguments as in his motion to dismiss. The trial court denied the motions. The jury found appellant guilty. By judgment entry filed December 30, 2010, the trial court sentenced appellant to thirty days in jail, suspended in lieu of thirty hours of community service.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 5} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO DISMISS AND HIS SUBSEQUENT MOTION FOR ACQUITTAL PURSUANT TO RULE 29."

II

{¶ 6}   "APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

III

{¶ 7}   "THE TRIAL COURT ERRED WHEN IT FAILED TO PERMIT THE TESTIMONY OF APPELLANT'S EXPERT, JAMES KESTEL, TO BE HEARD BY THE JURY."

IV

{¶ 8}   "THE TRIAL COURT ERRED IN FAILING TO GIVE THE JURY INSTRUCTION ON THE WORD 'IN' AS IT WAS AN ELEMENT THAT THE PROSECUTION WAS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT."

I, II

{¶ 9}   Appellant claims the trial court erred in denying his motion to dismiss and subsequent Crim.R. 29 motions for acquittal, and his conviction was against the sufficiency and manifest weight of the evidence.  We disagree.

{¶ 10} Crim.R. 29 governs motion for acquittal.   Subsection (A) states the following:

{¶ 11} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.  The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."

{¶ 12} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus:

{¶ 13} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

{¶ 14} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 15} Appellant argues the statute of improperly handling of a firearm in a motor vehicle in violation of R.C. 2923.16(C) specifically uses the word "in" a motor vehicle as opposed to "on." It is appellant's position that because he had a holstered, visible

firearm on his person while he was riding a motorcycle, he was not "in" a motor vehicle, but was "on" a motor vehicle. R.C. 2923.16(C) states the following:

{¶ 16} "(C) No person shall knowingly transport or have a firearm in a motor vehicle, unless the person may lawfully possess that firearm under applicable law of this state or the United States, the firearm is unloaded, and the firearm is carried in one of the following ways:

{¶ 17} "(1) In a closed package, box, or case;

{¶ 18} "(2) In a compartment that can be reached only by leaving the vehicle;

{¶ 19} "(3) In plain sight and secured in a rack or holder made for the purpose;

{¶ 20} "(4) If the firearm is at least twenty-four inches in overall length as measured from the muzzle to the part of the stock furthest from the muzzle and if the barrel is at least eighteen inches in length, either in plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight."

{¶ 21} Subsection (A) states, "[n]o person shall knowingly discharge a firearm while in or on a motor vehicle." Appellant argues because this subsection includes the prepositions "in" and "on," the omission by the Ohio General Assembly of the "on" in subsection (C) was a purposeful exclusion for motorcycle riders.

{¶ 22} In *State v. Hill* (1986), Ross App. No. 1324, our brethren from the Fourth District addressed this issue as follows:

{¶ 23} "As we believe appellant's actions came within the purview of R.C. 2923.16, we reject appellant's argument the statute was not drawn to include transportation by means of motorcycle. We note R.C. 4511.01(C) defines a motorcycle

as a motor vehicle.  See also *Jirovesek v. Prudential Insurance Co. of America* (1971), 27 Ohio St.2d 62 at 64 which stated: '***the term 'motor vehicle' has a normal meaning in common usage with includes motorcycle.' "

{¶ 24} Appellant argues in *Hill,* the weapon was in a case in a holster concealed under the defendant's jacket and therefore the holding in *Hill* is distinguishable from his case.  As the *Hill* court noted:

{¶ 25} "The legislative comments to this statute explain the rule is 'designed to include the ways in which responsible gun hobbyists and sportsmen agree that firearms should be transported, both from the standpoint of safety and in the interests of protecting valuable weapons from damage'."

{¶ 26} This writer concurs with this comment as she is married to a sportsman and has a son-in-law who is a sportsman and in law enforcement.

{¶ 27} The advent of Ohio's concealed carry law as to facts in this case is non-germane to this discussion.  It is true that under Ohio's concealed weapons law, a visible holstered weapon would not violate the law if appellant was walking down the street.  However, the transportation of weapons in or on a motor vehicle is of primary importance to the safety of the other passengers and the general public.

{¶ 28} Although I am loath to continue this semantic dialogue, I believe it is important to note the grammar issues involved.  The action verb of the statutory language is "knowingly transport."  This is of critical importance as "in" and "on" are prepositions that by definition are words "that indicates the relation of a substantive to a verb, an adjective, or another substantive."  The American Heritage Dictionary (2 College Ed.1985) 978.  Given this definition, the firearm that is the object of the

statutory sentence may only be transported in specific fashion. The transport of the firearm that is involved as the subject is when it is done in conjunction with a motor vehicle. R.C. 4511.01(C) defines a motorcycle as a "motor vehicle." Therefore, the use of "in" or "on" in the transport of a weapon is restricted by the statutory language.

{¶ 29} After stopping appellant for rolling a stop sign while operating his motorcycle, Trooper Lee approached appellant and observed "he had a firearm to the left rear of his small of his back" in a holster. T. at 100, 102-103, 105.

{¶ 30} Upon review, we find the trial court did not err in denying appellant's motion to dismiss and Crim.R. 29 motion for acquittal. In addition, we find sufficient credible evidence to support the conviction, and no manifest miscarriage of justice.

{¶ 31} Assignments of Error I and II are denied.

III

{¶ 32} Appellant claims the trial court erred in prohibiting the testimony of his expert, James Kestel. We disagree.

{¶ 33} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage* (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶ 34} Pursuant to Evid.R. 104, the trial court is the initial gatekeeper on the issue of admissibility of evidence. In addition, the trial court is initially required to pass on the issue of relevancy (Evid.R. 401) and qualification as an expert (Evid.R. 702).

{¶ 35} The trial court limited Mr. Kestel's testimony as follows:

{¶ 36} "THE COURT: Okay. I think the Court indicated that Mr. Kestel would be able to discuss his knowledge of motorcycles and I believe one of the issues was – or one of the things that Mr. Kestel would be testifying to would be accessories to motorcycles for whatever help that the defense believes this would be to the jury. But Mr. Kestel is not going to be able to get into the 'in' or 'on' argument. That is not – he is not qualified to give any kind of an opinion on that and, but I would allow him to testify about motorcycle designs and accessories. I think that if the defense believes that in presenting their case they need this testimony to enlighten the jury about motorcycles." T. at 175-176.

{¶ 37} Defense counsel then made the following proffer:

{¶ 38} "Q. And is it true that within that industry we can find lots of literature that indicate that operators of motorcycles are riders?

{¶ 39} "A. That's correct.

{¶ 40} "Q. And why is that distinction made?

{¶ 41} "A. Well it's because they ride on the motorcycle not in it.

{¶ 42} "Q. And if you were in a car or truck or some other enclosed vehicle you would not be called a rider, is that fair?

{¶ 43} "A. That's correct. You'd be called a driver or operator." T. at 179.

{¶ 44} Mr. Kestel did testify as to the various designs of motorcycles. T. at 182-188.

{¶ 45} Upon review, we find the trial court did not abuse its discretion in denying Mr. Kestel to testify as to the ultimate legal question posed and addressed in Assignments of Error I and II.

{¶ 46} Assignment of Error III is denied.

IV

{¶ 47} Appellant claims the trial court erred in not instructing the jury on the definitions of "in" and "on."  We disagree.

{¶ 48} As the trial court made the legal determination that the in/on semantic argument was a legal issue, it was not within the jury's province to so determine.  We find the trial court's decision to be consistent with our analysis in Assignments of Error I and II.

{¶ 49} Assignment of Error IV is denied.

{¶ 50} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____ _____

JUDGES

[Cite as *State v. Todd*, 2011-Ohio-5800.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| v. | : | JUDGMENT ENTRY |
| STEPHEN  M. TODD | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00020 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.  Costs to appellant.

s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____ _____

JUDGES